[Filed January 12, 1891.]

GEO. W. SWEGLE v. NANCY BELLE ET AL.

DEED—MORTGAGE—PAROL DEFEASANCE.—A deed absolute on its face may be shown by parol evidence to have been intended as a mortgage to secure the payment of money.

MORTGAGEE IN POSSESSION—ACCOUNT TENDER.—A mortgagee in possession is liable to account to the mortgagor for the rents and profits, and in a suit for an accounting and redemption, no tender is necessary before the commencement of the suit.

Marion county: R. P. BOISE, Judge.

Defendants appeal. Affirmed.

The object of this suit is to have a certain deed, made and executed by the plaintiff to Charles Swegle in his lifetime, declared to be a mortgage, and for an account of the rents and profits of the land described in said deed, and for the redemption of said real property, or such other relief as may be proper. The findings of the court are as follows: "(1) That the plaintiff, on the 1st day of April, 1887, was the owner of the premises described in the complaint, and that on that day he executed a mortgage on said premises to W and E. Breyman, due from him and his wife to them for the sum of $4,000; that afterwards, on the 31st day of August, 1887, Charles Swegle, the father of the plaintiff, paid to said W. and E. Breyman said $4,000, and had said note and mortgage assigned to him; that afterwards, on the 3d day of September, 1887, the plaintiff and his wife executed to Charles Swegle a deed to said premises, which is made "Exhibit A," and attached to this complaint; (2) that at the time of the execution of said deed marked "Exhibit A," it was agreed and understood between the plaintiff and his father, Charles Swegle, that said George

Swegle should have the right to redeem said premises on the payment to him, Charles Swegle, of the amount of money which Charles Swegle had paid to W. and E. Breyman, with 7 per cent interest; and that said Charles Swegle was to collect the rents and profits of said premises and apply the same on said debt; (3) that the said debt on the 1st day of June, 1889, was the sum of $4,719.61; (4) that the amount of the rents and profits of said premises accruing to Charles Swegle and his estate was, June 1, 1889, the sum of $685.15, leaving a balance due said estate at that time the sum of $4,034.46; (5) that about and prior to the commencement of this suit, the plaintiff offered to pay to the estate of said Charles Swegle the said sum of $4,034.46, and served upon the defendants an offer in writing to pay the same, and that the offer was not accepted by the defendants."

As conclusions of law the court finds: "(1) That said deed marked "Exhibit A" was at the time the same was executed intended to be and operate as a mortgage to secure the sum of money which Charles Swegle paid to W. and E. Breyman for the transfer of the mortgage of plaintiff and wife to said W. and E. Breyman; (2) that plaintiff is entitled to redeem said premises on the payment to the estate of said Charles Swegle of the said sum of $4,034.46; (3) that the plaintiff on the payment of said sum of $4,034.46 will be entitled to a conveyance of said premises to him from the heirs of said Charles Swegle. It is therefore ordered and decreed by the court that the plaintiff pay into this court, for the use of the estate of Charles Swegle, deceased, the sum of $4,034.46, within thirty days from the date of this decree, and that within thirty days thereafter, to wit: within sixty days from the date hereof, the defendants execute in due form a conveyance or conveyances of all their interest in said premises. And in case of any failure of said defendants, or either of them, to so execute such conveyance or conveyances, then this decree shall stand in lieu thereof, and be effectual to transfer from said defendants to this plaintiff all of the estate or interest which said defendants,

or either of them, may have in said premises; and that the plaintiff have and recover of and from the defendants his costs and disbursements in this cause, taxed at $278.20, and that execution issue therefor."

The heirs at law of said Charles Swegle are made parties defendant; also the husbands, respectively, of his daughters who are married; also the administrator of his estate, and the guardian of one minor heir.

From the decree above set out, this appeal is taken by the defendants Nancy Belle, Henry S. Belle, Olivia E. Holmes, H. R. Holmes, Charles A. Brown, and Emma Brown, Frank E. Brown, and A. Bush, administrator of the estate of Charles Swegle, deceased.

*Bonham, Holmes & Hayden,* for Appellants.

We claim that under the law governing this class of cases, the plaintiff has not made out his case with the clearness required, and cite *Crawford* v. *Albany Canal Co.* 11 Or. 243; Jones on Mortgages, §§ 242, 257, 260, 262, 267; *Ensminger* v. *Ensminger,* 75 Iowa, 89, 9 Am. St. Rep. 462; *Saterfield* v. *Malone,* 35 Fed. Rep. 445.

Our next position is that the evidence, taken as a whole, shows a sale of the land by the respondent to his father, with the understanding that all he could realize for it, over and above the Breyman mortgage, was to belong to the respondent. This would not constitute the instrument a mortgage in law. (*Rogers* v. *Beach,* 115 Ind. 413; *Fuller* v. *Pratt,* 10 Me. 197; *Vincent* v. *Walker,* 86 Ala. 333; *Gassert* v. *Bogk,* 7 Mont. 585; *Miller* v. *Yturria,* 69 Tex. 549; *Harness Co.* v. *Schoelkopf,* 71 Tex. 418; *Devore* v. *Woodruff,* 45 N. W. Rep. 701.)

Our next point is, that the alleged tender was not sufficient. The respondent offered in writing to pay the amount he claimed was due on the land. The statute, section 852, provides in effect that an offer in writing to pay a particular sum of money or deliver a specific property will be the equivalent of the actual production thereof, if not accepted by the party to whom it was offered, etc. A tender must be

kept good. If the money had been actually counted out in the presence of the appellants and offered to them, and been by them refused, the respondent would have to follow up his tender — bring the money into court. Now, the statute above referred to only operates to dispense with the initiatory proceedings, — it goes no further, — and such is the construction placed on said statute by this court. (*Ladd* v. *Mason*, 10 Or. 308; *Holladay* v. *Holladay*, 13 Or. 523; *Fuller* v. *Pelton*, 16 Ohio, 457; *Raymond* v. *Bearnard*, 12 Johns. 274, 7 Am. Dec. 317. Again: a tender, to be effectual, must be unconditional. (*Holton* v. *Brown*, 18 Vt. 224, 46 Am. Dec. 148; *Thayer* v. *Brackett*, 12 Mass. 450; *Clark* v. *Mayor of N. Y.* 1 Keyes, 9; *Smith* v. *Keels*, 15 Rich. (S. C.) 318.)

*Wm. M. Kaiser*, and *Tilmon Ford*, for Respondent.

It is claimed by the respondent that the instrument attached to plaintiff's complaint, marked "Exhibit A" and made a part thereof, was intended as a mortgage to secure to his father, Charles Swegle, the payment of the sum of $4,193.78 and interest, as alleged in his complaint. A deed absolute on its face may be shown by parol to have been intended as a mortgage.

The conveyance of lands for the purpose of securing the payment of a sum of money, if it leaves a right of redemption upon the payment of the debt, and if there is a power of sale, whether in the creditor or some third person to whom the conveyance is made for that purpose, it is still in effect a mortgage. It is always with regard to the actual facts and not to the forms of the transaction, by which equity is governed in determining the real character of the instrument. Whether intended as an absolute conveyance, or a mortgage, it is equally valid, and equity will give effect to it according to the substantial intent of the parties. (*Stephens* v. *Allen*, 11 Or. 188.)

STRAHAN, C. J.—The main question presented by this appeal is one of fact, and that is, whether or not the deed made by George Swegle and wife to Charles Swegle on the 3d day of September, 1887, was intended as a mortgage or

an absolute conveyance of the real property therein described. All other questions are subordinate to this. Since the decision of this court in *Stephens* v. *Allen,* 11 Or. 188, the law must be regarded as settled in this state that a deed absolute on its face may be shown by parol to have been designed and intended by the parties as a mortgage for the security of money, or to secure the performance of some act; and, as was said in that case, " as such a transaction receives its character from what the parties intended to make it at its inception, the ascertainment of that intention always becomes the important inquiry. This necessarily requires evidence of the situation of the parties, of the price fixed in connection with the value of the property, the conduct of the parties before and after, and all the surrounding facts and circumstances so far as they are adapted to explain the real character of the transaction."

A brief reference to the facts disclosed by the record therefore becomes necessary. At the time of the execution of the deed in question, George Swegle was the owner in fee of the land in controversy, which was then of about the value of from $7,000 to $8,000. About the month of April, 1887, George Swegle borrowed $4,000 of Breyman Bros., for which he executed his promissory note and a mortgage on said real property to secure the same. In the month of August thereafter, Charles Swegle purchased said note and mortgage of Breyman Bros., paying the full face value therefor, and the same were regularly assigned to him without recourse. In the month of September, 1887, the deed in question was executed. A somewhat critical examination of the testimony of all of the witnesses shows that it was not intended as an absolute deed. The value of the property conveyed was nearly double the amount of the mortgage. Though careful and prudent in his financial matters, there is nothing in the evidence tending to show that Charles Swegle would strip one of his children of his property by only paying one-half of its value. On the contrary, before this deed was executed he offered to carry the debt at 7 per

cent, which was a lower rate than the note to Breyman Bros. bore. In addition to this, he told the plaintiff that he would sell the land, and that he should have all it would bring over and above the amount of the debt. The plaintiff testifies to this; and the tendency of the testimony of Mrs. Swegle, the widow of the deceased, J. G. Evans, N. F. Herren, Robert Ford and Leander Bender was to establish that fact. So entirely satisfied were several of the children of Charles Swegle, as well as the widow, of the justice of the plaintiff's claim, that they executed deeds of release to him of all interest in said real property. Being satisfied that the deed in question was executed as a security for money, it must be adjudged to be a mortgage to which will attach the right of redemption and every other incident of a mortgage.

Something was said upon the argument as to the insufficiency of the plaintiff's tender in writing made before the suit was commenced; but we do not think it necessary to pass upon that question at this time. The plaintiff could not make a tender in writing or otherwise of the amount actually due, for the reason that Charles Swegle had the possession of said land two or three years, and the rents and profits to which the plaintiff was entitled remained unaccounted for. He had the right to know the amount of these and to have the same deducted from the amount due Charles Swegle. The balance remaining due is what he must pay, and that could not be known till an account was taken.

Finding no error in the decree appealed from, the same must be affirmed.