[No. 1469.   Decided November 2, 1894.]

PATRICK McENEANEY, *Respondent*, v. G. P. DART *et al.*, *Appellants.*

CERTIORARI TO JUSTICE — JUDGMENT ON MERITS IN SUPERIOR
COURT.

Under §§ 1625, 1628, Code Proc., the superior court may, upon the trial of certiorari proceedings from a justice's court, either provide for a trial upon the merits in the superior court or remand the cause for such purpose to the justice's court; but where the judgment rendered by the justice has been vacated by him the superior court cannot, upon certiorari, set aside the order vacating the judgment and affirm the judgment originally rendered by the justice, so as to cut off the other party from a trial upon the merits.

*Appeal from Superior Court, Spokane County.*

*A. H. Kenyon,* and *H. J. Brown,* for appellants.

The opinion of the court was delivered by

SCOTT, J. — Appellants brought suit against the respondent in a justice's court of Spokane county, and obtained a judgment against him in the sum of $42 and costs.    Subsequent to the rendition of the judgment, the justice undertook to set the same aside on the ground that it had been prematurely rendered, and entered an order upon his docket to that effect, whereupon appellants removed said matter by certiorari to the superior court of said county.

Pending the certiorari the respondent took a general appeal from said judgment to said superior court.    Upon the hearing in the superior court of the certiorari cause, judgment was rendered for appellants, setting aside the order entered by the justice to vacate the judgment rendered by him as aforesaid, and for costs, and instead of remanding the cause to the justice's court, or retaining the same in the superior court for trial on the merits of said action, said court also in said judgment affirmed the judgment previously rendered by the justice in favor of appellants.    Application was made by the respondent to said superior court to vacate that part of said judgment which affirmed the judgment previously rendered by the justice, which motion was denied, and an execution was issued in favor of appellants for $42, the amount of said judgment, with costs of both courts, whereupon the respondent brought this action to enjoin such execution.    Issue was joined and a trial had, and the court found that the execution so issued was void, and that no judgment was entered in said superior court upon which such an execution could issue, and it was ordered that the same be perpetually enjoined, and that appellants be restrained from issuing any

execution upon said judgment excepting for the costs adjudged in their favor in said certiorari proceeding, and from said judgment this appeal was prosecuted.    There is no brief or appearance upon the part of the respondent.

The practice relating to certiorari proceedings from justices' courts is not well settled.    Section 1625, Code Proc., seems to contemplate that the entire cause is transferred to the superior court by a writ of certiorari, as it requires the justice to send, in addition to a special return, all the papers in the action, and this would indicate that the entire cause was transferred in this case, and not merely the order vacating the judgment.    If this were so, the respondent's appeal from the justice's court was irregularly taken.    But we are of the opinion that he should not be deprived of his right to appeal therefrom, and to obtain a trial upon the merits in consequence of said certiorari proceeding, and that he would have the time allowed to appeal after the cause was remanded to the justice.

Furthermore, as § 1628 gives to the superior court in such matters a very wide latitude with regard to the judgment which may be rendered, authorizing such court to render judgment as the right of the matter may appear, we have no doubt that upon a proper application said court could have provided in the judgment rendered upon the certiorari for a trial in the superior court upon the merits.

Furthermore, we are of the opinion that ordinarily at least a party must prosecute his remedy in such certiorari proceedings in case of an erroneous entry of judgment therein against him.

Application was made to said court to vacate the same, as aforesaid, which was denied.    No appeal could have been taken therefrom in this instance in consequence of the amount of the recovery being below the sum of $200. The statute, §§ 1429 and 1448 of the Code, practically gives the same latitude with reference to judgments on ap-

peals to this court as is given to the superior court in certiorari proceedings, and if, as is alleged, a judgment has been rendered against the respondent upon the merits without his having had a day in court, or opportunity to defend the same, we are not disposed to enter a judgment here affirming such proceeding, and such would be the effect of a judgment of reversal in this cause, nor do we feel that we are called upon to do so upon the law. The judgment rendered by the superior court in the certiorari matter was so clearly irregular, at least in purporting to affirm the judgment upon the merits as originally rendered by the justice, that it is difficult to understand why the same was not immediately set aside when it was called to the attention of said court. The present cause, although commenced as an independent proceeding, was begun in that same court, and addressed to that same judgment rendered by that court, and the proceedings therein were heard and determined by said court, although by different judges than the one who heard the certiorari. Under the circumstances, we are justified in looking to the substance rather than to the form of the proceeding, and we shall regard this cause as practically a proceeding in the original cause, whereby said judgment upon the certiorari was in effect vacated as stated, and as it appears that said court has treated said cause as pending for a trial upon the merits upon the appeal taken by the respondent from the justice's court, we shall affirm the judgment herein and remand the cause for disposition accordingly.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.