[No. 1450. Decided January 11, 1895.]

W. F. HAYS ET AL., *Respondents, v.* THE MERCHANTS BANK OF PORT TOWNSEND, *Appellant.*

TIDE LANDS—COMPETENCY OF PURCHASER—APPEAL TO SUPERIOR COURT—DISQUALIFICATION OF CONTESTANT—RIGHTS UNDER JUDICIAL SALE.

Under Gen. Stat., § 2170, giving the superior court jurisdiction of appeals from the decision of the state board of equalization and appeal in tide land contests, and under Code Proc., § 49, providing that when jurisdiction is conferred on a court, any suitable process or mode of proceeding conformable to the spirit of the code may be adopted, if the course of proceeding be not specifically pointed out by statute, the superior court can take cognizance of such appeals, although the law may fail to prescribe a method of procedure in such cases, and for this purpose, the most suitable procedure would seem to be in the nature of certiorari.

The action of the secretary of the state board of equalization and appeal in transmitting the record of a contest, attested by himself as secretary, to the superior court, although irregular and unwarranted by statute, will not be treated as ground of reversal of the decision of the superior court, when there is no showing that the record is incorrect, in view of the fact that the same course had been followed in other cases, and not to uphold such action would result in overturning many tide land titles.

The holder of a sheriff's certificate of sale of land under execution is not such an owner of the land as to be entitled to any rights

under Gen. Stat., § 2172, giving to owners of the lands abutting on tide lands the preference right to purchase.

The holder of a sheriff's certificate of sale of lands abutting on tide lands is not entitled to purchase or contest an application for the purchase of such tide lands, when he does not acquire the legal title to the upland under the execution sale until after the time permitted for the filing of contests; and the fact that he holds the legal title at the time of the hearing of the contest does not strengthen his position.

The fact that an applicant for the purchase of tide lands is not qualified to take and hold the lands, cannot be urged by one who is incompetent as a contestant.

*Appeal from Superior Court, Jefferson County.*

*A. R. Coleman* and *C. A. Burnett*, for appellant.

*W. F. Hays*, for respondents.

The opinion of the court was delivered by

STILES, J.—This was an appeal from the decision of the state board of equalization and appeal in a tide-land contest. The action of the board was reversed by the superior court, and the first point made here by the appellant is that the court could not take cognizance of the appeal because of the failure of the law to prescribe a method of procedure in such cases. We have had occasion in *State ex. rel. Smith v. Forrest*, 8 Wash. 610 (36 Pac. 686), and in *McKenzie v. Woodin*, 9 Wash. 414 (37 Pac. 663), to comment upon some of the deficiencies and incongruities of the statute, but this is the first time that so serious an attack has been made upon its execution. To sustain the appellant upon this point would certainly have the effect to invalidate the whole act for the sale of tide lands; at least where there were opposing claimants; since it was obviously not the intention to make the action of the board final in any case where there was contest of an application. But Gen. Stat., § 2170, clearly gives the court jurisdiction to entertain appeals, and the power ought not to be permitted to fail, if there is any reas-

onable means of sustaining it.   Code Proc., § 49, we think furnishes a way out of the difficulty.   It provides as follows :

· "Sec. 49.   When jurisdiction is, by the constitution of this state, or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given ; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

These provisions are very sweeping, and they certainly empower a superior court to possess itself of everything necessary to enable it to review the action of any inferior court, board or tribunal, where such authority is conferred upon it by statute.   The word used in the law to describe its authority is " appeal," but we take it that the word is not used in any technical sense, but to signify an authority to re-try the questions arising before the board upon a contest.   To do this it ought to be possessed of the applications, notices of contest, and the record of the board's action, and the statute authorizes it to adopt such method of possessing itself of the case as may appear to be most conformable to the spirit of the code of procedure.

We are inclined to believe that it would be more consonant with the spirit of the code were the superior court, in each of these cases, upon application of a contestant, to make an order directed to the board, requiring it to send up the papers and record, by copy, and that the transcript sent up in cases arising before the act of 1893 should have been authenticated by the chairman of the board, rather than by the secretary, who was an officer unknown to the former statute.   It is true that neither was a chairman, as such, spoken of in the act of 1890, but by the common custom of all boards of this kind, they are organized with a chairman or president who commonly represents the board by his signature.   The proceeding thus suggested would be, in substance, a certiorari, and would be similar, both in the practice and in the result, to certiorari to a justice of the peace, which, we have recently held, takes up the whole case for

re-trial in the superior court.   *McEneaney v. Dart*, 9 Wash. 682 (38 Pac. 764).

In this case the secretary of the board seems to have voluntarily sent to the superior court of Jefferson county what purported to be a record of the contest, attested by him, and objection was made, and is here insisted upon, that the record thus transmitted gave the court nothing bearing an official character to act upon.   We confess to difficulty in passing upon this point ; but inasmuch as all the cases of this kind we have had before us were based upon the same sort of irregular certification, we shall not now, after the deficiencies of the old law have been somewhat remedied by the designation of a permanent chairman, and the provision for a secretary, disturb the course of things by holding the courts to have been without jurisdiction.   We do not know how many of these tide land titles would be overturned by such a ruling.   No attempt was made to show, in this case, that the purported record was incorrect in any particular.

But upon the merits of the contest we think it is imperative that the decision of the superior court be reversed, because the respondents here were not qualified to contest the application of the appellant, or to purchase the lands in question at any time within the period allowed for the filing of contests.   Prior to March 26, 1890, the Port Townsend Foundry and Machine Company was the owner of the upland portion of lots 1, 2, 3 and 4, block 15, in the city of Port Townsend, and had thereon certain improvements.   On August 12, 1890, the above named company conveyed this property to one Perkins ; and he, December 31, 1890, conveyed it to appellant, which filed its application to purchase May 20, 1892.   Respondents filed their application later, and in July, 1892, filed a notice of contest of appellant's application. Respondents' claim and contest were based upon a sheriff's certificate of sale made upon a judgment against the Foundry and Machine Company, filed and recorded in the office of the auditor of the county, June 24, 1890, and therefore a lien upon the real property of the debtor company.   The sale was made and the certificate of purchase executed January 29,

1892, and the sale was confirmed April 28, 1892. When the hearing before the board was had in March, 1893, the time for redemption from the execution sale had expired, and respondents had received a sheriff's deed ; these facts they made known to the board by a supplemental showing in the contest.

Thus the appellant was the owner of the upland when its application was filed, and at all times until more than six months after the filing of the counter application and contest by respondents, and the question is, were the respondents competent contestants. We think not. The statute, Gen. Stat., § 2172, gives to owners of the lands abutting on tidelands the preference right to purchase, and it cannot be maintained that the respondents were owners of the land covered by their certificate at any time prior to their receiving a deed. A judgment debtor, until after the expiration of the time to redeem real estate sold on execution, is the holder of the legal title, and must in all respects be treated as the owner of the land. Freeman, Executions, § 323 ; *Dray v. Dray*, 21 Or. 59 (27 Pac. 223); *McMillan v. Richards*, 9 Cal. 365 (70 Am. Dec. 655); *Curtis v. Millard*, 14 Iowa, 128 (81 Am. Dec. 460). True, under our statute, the purchaser is to be let into possession on demand ; but whether, if respondents had been in possession, a different result would follow, we do not decide, for there was no such possession in this case.

But for the interposition of the respondents, therefore, it is altogether likely that, long before the expiration of the time for redemption, appellant would have had its conveyance from the state ; and it would be altogether unjust to allow a contestant who has no present right to contest to go into the land-office and file a claim based on no title in himself, and after months of delay beyond the time permitted for the filing of contests, give him the land upon the basis of some after-acquired title. Moreover, we do not think it was the intention of the legislature that these applications for purchase of tide lands, by shore owners, should be based upon anything but legal title. The board is not a court of

37-10W

equity, and it is not constituted for the adjudication of either equitable or inchoate rights. It must be satisfied, of course, that ownership exists, but it takes things as they are at the time of application and within the time allowed for contest. It may well be that in the case before us the institution of respondents' contest was the very reason why their sale was not redeemed from owing to the uncertainty that the appellant was in whether it would be awarded this land.

The respondents urge that appellant is not shown to be a qualified applicant, because it made no proof of facts showing it to be entitled to hold real property in this state. The point would be well taken, if urged at the suit of a competent contestant. All that we know from the record is that the name of the appellant is "Merchants Bank of Port Townsend," but whether it be a foreign or a domestic corporation, or a corporation at all, or, if a corporation, whether its stock is so held that it can buy land in Washington, or whether its articles permit of its buying land anywhere, is not disclosed. Its application was made by "C. F. Seal, Cashier," who says that he is entitled to purchase lands. The board seems to have treated this as an application of the bank because it was signed, "Merchants Bank of Port Townsend, by C. F. Seal, Cashier," and the whole case before the board proceeded on the theory that the bank was the applicant, and there was a finding there that it was qualified to purchase, but whether upon any evidence, the record does not disclose. But respondents can raise no question upon this. The whole matter lies between the state and the applicant.

The appellant raised other points, but they are too numerous to notice, and they are not necessary to a decision of the case.

Judgment reversed and cause remanded for dismissal of the appeal and contest.

HOYT and SCOTT, JJ., concur.

DUNBAR, C. J., and ANDERS, J., not sitting.