[No. 1179. Decided March 16, 1895.]

THE UNION WHARF COMPANY, *Respondent*, v. ISRAEL KATZ, *Appellant*.

TIDE LANDS — APPEAL OF CONTESTANT.

Where an appeal to the superior court has been taken from the decision of the state board of equalization and appeal notice thereof mailed at Pt. Townsend on the eighth day after the decision was rendered and addressed to the state board of equalization and appeal at Olympia, must be held as made within the ten days allowed by statute, when there is nothing to controvert such fact except that the notice was marked as filed on the eleventh day.

*Appeal from Superior Court, Jefferson County.*

*W. F. Rupert,* for appellant.

*A. R. Coleman* and *C. A. Burnett,* for respondent.

OPINION ON REHEARING.

The opinion of the court was delivered by

SCOTT, J.—For the former decision in this cause affirming the judgment, see 8 Wash. 389 (36 Pac. 276). A petition for rehearing was filed, and an answer thereto was directed. The respondent did not see fit to avail itself of the privilege of answering the same, and the petition was granted, and the cause re-assigned for argument.

In the former opinion we expressed a doubt as to whether the statute in question was sufficiently definite to authorize an appeal, but we have since held, in *Hays v. Merchants' Bank of Port Townsend,* 10 Wash. 573 (39 Pac. 98), that an appeal will lie.

Appellant has shown in his petition for rehearing that he served the notice of appeal in question within the ten days allowed by the statute, and transmitted the same to the state board of equalization and appeal through the mail. That he mailed the same at Port Townsend, on the eighth day after the decision was rendered, and, by the ordinary time taken for mail matter to reach Olympia from Port Townsend, it should have arrived here the next day, and certainly on the tenth day, which would have been in time. A sufficient excuse is shown for not having presented these matters at the original hearing. There is no counter showing, and nothing to controvert the fact that the notice was received within the ten days allowed excepting that it was marked as filed upon the eleventh day. Under this showing, and especially as the board

had not certified their findings to the commissioner of public lands, we are of the opinion that we should find as a fact that the notice had been actually received by the state board of equalization and appeal within the ten days.

The judgment of the lower court is therefore reversed, and the cause remanded with instructions to proceed therewith.

HOYT, C. J., and DUNBAR, ANDERS, and GORDON, JJ., concur.