Argued January 13, affirmed February 1, rehearing denied February 23, 1921.

# HANSEN v. DAY.

### (195 Pac. 344.)

#### Mortgages—Counterclaims for Waste not Allowable by Sheriff on Redemption from Foreclosure.

1. In a suit to redeem or to foreclose a mortgage, counterclaims ordinarily may be adjudicated because such suits are based on contract and the counterclaims usually arise out of the transaction involved or themselves spring from contract, Section 74, Or. L.; but in exercising the redemption right from a mortgage sale the debtor does not litigate with plaintiff in the writ of execution, but the transaction is with the sheriff, who cannot abate the amount required for redemption by a counterclaim for waste committed by purchaser.

#### Mortgages—Redemption After Sale and Confirmation is a Statutory Right to be Strictly Pursued.

2. The privilege of redeeming after mortgage sale and confirmation is not an equitable, but a purely statutory legal right, not according to common law, and must be strictly pursued.

#### Mortgages—Burden of Proof is on Mortgagor Averring Purchaser's Insolvency in Redemption Suit.

3. Where plaintiff sought to escape the consequences of failure to follow the strict statutory procedure for redemption from mortgage sale after confirmation by averring the purchaser's waste and insolvency, the burden was on plaintiff to prove the same.

#### Mortgages — Evidence That Party's Name is not on County Assessment-roll Insufficient Proof of Insolvency.

4. Where mortgagor seeking to redeem claimed right of deduction for waste committed by purchaser, testimony of the county assessor and others that the name of the purchaser at mortgage sale was not on the assessment-roll is insufficient to prove purchaser's insolvency.

#### Equity—Opposing Claims Alone not Ground for Jurisdiction.

5. That parties have opposing claims against each other is insufficient to give equity jurisdiction, but there must be some other condition, as insolvency or nonresidence of the defendant in equity.

1. Setoffs and counterclaims on mortgage foreclosure, see note in 21 L. R. A. 321.

2. Right to redeem as incident of mortgage, see note in Ann. Cas. 1912D, 959.

Mortgages—If Price on Foreclosure Sale is Grossly Inadequate, Confirmation Should be Objected to.

6. If a purchase price upon sale under mortgage foreclosure was grossly inadequate, it ought to have been urged in objection to confirming the sale, and after confirmation it is beyond another court's power to question the price.

From Lane: JAMES W. HAMILTON, Judge.

Department 2.

The substance of the contest here is that the defendant Floyd M. Day foreclosed a mortgage upon the property of the plaintiff. An execution was issued on the decree, and the realty in question was sold to the defendant Edythe V. Day. The sale was confirmed and just before the lapse of the year allowed for redemption the plaintiff here served notice upon the purchaser to attend at the office of the sheriff, for the purpose of redeeming the land, stating in her notice in substance that she proposed to pay the purchase price, interest, and taxes, less the reasonable value of use and occupation of the premises enjoyed by the purchaser, and deducting an amount for alleged waste committed on the premises by the purchaser while in possession. There is no dispute about the amount of the purchase price, interest, and taxes; but the parties were unable to agree upon any reduction therefrom to be made on account of waste or occupation, and hence no redemption was effected. The complaint alleges that the purchaser is insolvent, and, if the money is paid to her in full without deduction, it will go to her creditors, leaving the plaintiff without any adequate remedy for the liquidation of her claims for waste and occupation. That pleading also gives a history of the suit as thus recounted, and prays substantially

6. Sale under power in mortgage or trust deed as affected by inadequacy of price, see note in 8 **A. L. R.** 1001.

that an accounting be had and a sum be fixed by the court for which the plaintiff may redeem the property.

The complaint was challenged in material particulars and the foreclosure is described in substantially the terms appearing in the complaint. For a cross-complaint the defendants allege that they are the owners of the property and that the plaintiff makes some claim thereto, but without foundation in fact, and seek to quiet title. This, in turn, was denied by the reply.

From a decree of the Circuit Court dismissing the plaintiffs' suit she has appealed. There is no appeal on behalf of the defendants.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief and an oral argument by *Mr. Fred E. Smith.*

BURNETT, C. J.—1. The redemption sought is not from the mortgage, but from the sale: *Higgs* v. *McDuffie,* 81 Or. 256 (157 Pac. 794, 158 Pac. 953). When the mortgage was due, there arose a cause of suit in favor of the mortgagor to redeem the property, on paying the debt. An example of such a suit is *Swegle* v. *Belle,* 20 Or. 323 (25 Pac. 633), cited in the plaintiff's brief. A counterpart of the mortgagor's right was that of the mortgagee to foreclose the mortgage. In either a suit to redeem or one to foreclose, counterclaims ordinarily may be adjudicated, because such suits are based on contract, and the counterclaims usually arise out of the transaction involved, or else themselves spring from contract:

Section 74, Or. L. In exercising the right of redemption, the judgment debtor is not engaged in litigation with the plaintiff in the writ of execution. It is a transaction between the judgment debtor and the sheriff, the latter of whom acts only in a ministerial or executive capacity in receiving the money and transferring it to the execution creditor. The officer has no authority to abate aught of the amount required for redemption. While he may sue the purchaser to recover the unpaid amount of his bid, *Burbank* v. *Dodd* (Or.), 4 Pac. 303, there is no such privity between them as will support a counterclaim based on the purchaser's demand against the judgment debtor. The same lack of privity here would forbid the officer from making any deduction from the amount requisite for redemption.

2. The effect of the decree of foreclosure was to bar the mortgagor's right to redeem as such. The privilege of redeeming after the sale and confirmation is "not an equitable, but purely a statutory legal right," so denominated in *Dray* v. *Dray,* 21 Or. 59, 67 (27 Pac. 223). As the remedy is statutory and not according to the course of the common law, it must be pursued strictly, and as said in *Doerhoefer* v. *Farrell,* 29 Or. 304 (45 Pac. 797):

"The right to redeem from an execution sale is a statutory right, and the court can neither increase nor lessen the burden of the redemptioner."

3. The plaintiff attempts to escape this consequence by averring that the purchaser is insolvent. Since this was challenged, it was requisite for the plaintiff to prove the same.

4. We find, upon an examination of the report as certified by the official stenographer, that the only attempt to establish the insolvency of the purchaser

was that the county assessor was called, and declared that he could not find her name on the assessment-roll of Lane County. Substantially, the same statement was made by the plaintiff's husband. It is possible, even probable, that the names of some of the wealthiest men in the state will not be found on the assessment-rolls of some of the counties. There is an utter failure of proof upon this vital question.

5. It is not enough, to give equity jurisdiction, that parties have opposing claims against each other. Some other condition, as for instance the insolvency or nonresidence of the defendant in equity, must appear as an ingredient of the cause before chancery can take notice of such an issue: 24 R. C. L. 805.

6. Considerable was said in argument about the hardship of allowing the defendant to acquire the property for about one-half of its real value. If the purchase price was grossly inadequate, it ought to have been urged as an objection to the confirmation of sale. It is enough on that point to say that, if the actual value is a factor to be considered here, it has been tested in the crucible of the sheriff's sale and verified in the confirmation order beyond our power to question in this proceeding.

The result is that the decree of the Circuit Court is affirmed.          AFFIRMED.     REHEARING DENIED.

McBRIDE, BEAN and JOHNS, JJ., concur.