Argued May 7, affirmed July 24, 1968

STAMATE ET UX, *Respondents, v.* PETER-
SON ET UX, *Appellants.*

444 P. 2d 30

*John W. Smallmon,* Hermiston, argued the cause for appellants. On the briefs were Brewer & Smallmon, Hermiston.

*Robert T. Mautz,* Pendleton, argued the cause for respondents. On the briefs were Cunha and Mautz, Pendleton.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

Grantees of certain mortgage debtors, whose land had been sold on foreclosure, appeal from the order directing the sheriff to execute a deed to the mortgagee-purchasers. Error is assigned to the trial court's refusal to honor a purported notice of intent to redeem within one year.

The mode of redeeming is set forth in ORS 23.570. The right to redeem is strictly statutory, equitable rights of the mortgagors having been extinguished by the foreclosure suit. Redemption, therefore, must be pursued in accordance with the applicable statutes, and not otherwise. See *Herrmann v. Churchill,* 235 Or 327, 332-333, 385 P2d 190 (1963); *Haskin et al v. Greene,* 205 Or 140, 151, 286 P2d 128, 286 P2d 137 (1955); *Hansen v. Day,* 99 Or 387, 390, 195 P 344 (1921); *Dray v. Dray,* 21 Or 59, 67, 27 P 223 (1891). The statutory nature of the right of redemption gives rise also to the rule that it is not within the

province of the court either to increase or lessen the burden imposed upon a party seeking to exercise redemption. *Doerhoefer v. Farrell,* 29 Or 304, 308, 45 P 797 (1896); followed in *Hansen v. Day,* supra, and *Reichert v. Sooy-Smith,* 85 Or 251, 257, 165 P 1174, 165 P 1184 (1917).

With the foregoing general principles in mind, we measure the attempted redemption in this case against the statutory requirements. On the last day upon which the notice required under ORS 23.570(1) could have been given, the grantees of the mortgagors delivered to the sheriff for service upon the purchasers a copy of a notice of intent to redeem. The purchasers were visiting in California and could not be served. Instead of filing immediately the affidavit required by ORS 23.570(1) in lieu of service in such circumstances, the grantees mailed a copy of the notice of their intent to redeem to an attorney whose firm had represented the purchasers a year earlier at the foreclosure sale. The grantees now attempt to justify this procedure by relying upon ORS 16.770, a general statute relating to the service of pleadings, notices, and papers. The statute provides that notices shall be in writing, and that notices and other papers shall be served on the party or attorney in the manner prescribed in ORS 16.780 to 16.800, where not otherwise provided by statute.

We hold that the specific provisions of ORS 23.570 (1), rather than the general provisions of ORS 16.770, apply to notice of intent to redeem. There is no conflict between the two statutes, because ORS 23.570(1) "otherwise" provides for notice as contemplated in ORS 16.770.

██ In the event that the purchasers are not available for service at or near the end of the year allowed

for redemption, ORS 23.570(1) provides that an affidavit establishing such nonavailability may be filed with the sheriff in lieu of personal service upon the purchaser. The provisions of ORS 23.570(1) are intended to be exclusive, and no other means of giving notice satisfies the statute. As a practical matter, there is little reason to believe that the attorney who represented the mortgagees at the time of the foreclosure a year earlier would be in a better position than any other person to bring to the attention of the purchasers a notice of intent to redeem.

Since timely notice was not given the purchasers, and since notice to an attorney does not satisfy ORS 23.570(1), we must consider the grantees' further assertion that they nonetheless preserved their right to redeem by filing an affidavit with the sheriff on the last day of the year following the foreclosure sale.

■ The proposition that an affidavit filed with the sheriff after the time for the giving of notice has expired can extend the time for the giving of notice, or that such a late filing can cure a late notice, has no support in the applicable statutes nor in the cases to which our attention has been called. The only case cited for the grantees' somewhat surprising assertion involved the waiver of defects in a notice that had been served in time. See *Kirk et al v. Rose v. Woods et ux,* 218 Or 593, 346 P2d 90 (1959). The case is not in point.

Notice must be given at least two days before the year of redemption expires. ORS 23.570(1). And the act of redemption must be consummated① within the

---

① Since the matter is not properly before us, we do not decide whether the redemption must be fully consummated within the year when a timely demand for an accounting under ORS 23.560 (4) has been made. The safer course, obviously, would be to give notice early enough to accomplish any necessary accounting within the year allowed for redemption.

year. ORS 23.560(1). Since ORS 23.570(1) provides that the affidavit filed with the sheriff shall be "equivalent" to service, the only construction of the statute that makes sense requires the affidavit to be filed within the time during which the notice itself could be given.

Since the purported notice in this case was not served, and since the only statutory procedure in lieu of service was not followed within the time limited by statute, the notice of intent to redeem was a nullity. The mortgagors' grantees therefore have no basis for protesting the delivery of the sheriff's deed. It is unnecessary to consider other claims made by the grantees in behalf of their attempted redemption, nor to consider other defects therein urged by the purchaser.

Affirmed.