Argued May 8, decided May 28, rehearing denied August 13, 1912.

## SHARPE *v.* LEES.

[123 Pac. 1071.]

MORTGAGES—FORECLOSURE—REDEMPTION—EXTENSION OF TIME—EVIDENCE.

1. In a suit for redemption from mortgage foreclosure, evidence *held* insufficient to warrant a finding that the purchasers had agreed to extend the time.

MORTGAGES—FORECLOSURE—REDEMPTION—TENDER.

2. Where plaintiffs sought to redeem under an alleged agreement to extend the time for five days, they were not entitled to recover, in the absence of proof that they made a valid tender or offer to perform at any time, or that they were ever in a position to do so.

From Malheur: DALTON BIGGS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by Isaac W. Sharpe and Emma L. Sharpe against William E. Lees and J. R. Blackaby.

The defendants purchased at a foreclosure sale certain lands owned by plaintiffs. Plaintiffs allege that their statutory right to redeem from such sale expired on September 7, 1910, and that, before the statutory period for such redemption, defendants agreed to extend the time of redemption for five days, and agreed that, if plaintiffs would pay the money necessary to so redeem within that time, they would not take a deed to the property and would cancel all obligations against plaintiffs. Relying upon such promises, plaintiffs, on September 10, 1910, tendered the money necessary to redeem, which defendants refused to accept, and, in violation of their agreement, defendants took a deed to the property in

their own name on September 8, 1910, and refused to allow plaintiffs to redeem. Defendants joined issue on these allegations, and upon the trial there were findings and a decree for defendants. Plaintiffs appeal.

AFFIRMED.

For appellants there was a brief over the names of *Mr. James C. Johnston, Mr. A..J. Hurley* and *Mr. J. F. Colvin,* with an oral argument by *Mr. Johnston.*

For respondents there was a brief over the names of *Mr. William E. Lees,* and *Mr. George E. Davis,* with an oral argument by *Mr. Lees.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. We do not think that plaintiffs have established the agreement to extend the time by the clear preponderance of the evidence. The testimony in favor of plaintiffs' contention is given by plaintiffs and Colvin, their attorney, and Mr. Eby, who was interested in getting a loan of $18,000 for the use of plaintiffs. It consists of alleged declarations of defendant Lees, when applied to for an extension, to the effect that "five or six days would make no difference, and that if they had the money there by that time it would be all·right," and of alleged declarations of Blackaby that what Lees did would be satisfactory to him. These declarations are absolutely denied by both defendants, and, in addition, we have the testimony of Mr. Mulky, the county clerk, to the effect that witness Colvin came to him on September 7th, the last day for the redemption, and stated that the money to redeem might be wired there that night, and asked him to stay up late, in order to assist in the redemption, saying that it was the last day; and that defendants would not consent to an extension of the time. C. O. Thomas, then deputy sheriff, testifies that on the last day for redemption of the property he had a phone message from

witness Eby, asking him to see defendants and try and get an extension of time; and that, in pursuance of this request, he saw one or the other of them and phoned to Eby that he was unable to do anything. He also testified that Eby asked him to take the money and redeem the property, if he should be able to wire it to him that night, but in reply advised him to wire the money to the sheriff. The two witnesses last mentioned are wholly disinterested, and their testimony indicates that up to the last moment plaintiffs did not consider that the time had been extended by any previous conversation. The alleged transaction was out of the ordinary course of business dealing. Here was a matter involving several thousand dollars' worth of property, one of the defendants being an attorney, and plaintiffs being represented by two attorneys, and yet not a single written line to indicate so important an agreement as it is claimed was made by defendants. Whatever loose talk may have occurred between them, we are not prepared to find from the testimony adduced that any agreement for an extension is established.

2. In addition to this, plaintiffs have not established the fact that they made any valid tender or offer to redeem at any time, or that they were ever in a position where they could do so. According to their version of the agreement, they were to have the money there within five days. The testimony indicates that some sort of an arrangement was made with a man named Marks, who lived in Idaho that when defendant should execute deeds or releases of the property Eby and Colvin would telegraph to Mark, who would telegraph to his mother-in-law in Cincinnati, and she would telegraph $18,000 to Oregon, There is no evidence that the mother-in-law had $18,000, or that she was likely to precipitately telegraph it to Oregon without examining the securities that were to be furn-

inshed for its payment; and defendants would have been foolish to have executed releases or quitclaim deeds under such circumstances. The amount to be paid was certain and liquidated; and, before plaintiffs can claim a compliance upon their part with the alleged agreement, they must have had the money, with which to redeem, there, ready to pay over, or at least show that they had it within their power to immediately produce it.

The decree of the circuit court is affirmed.

AFFIRMED.