REYNOLDS, APPELLANT, *v.* DAVIS ET AL., RESPONDENTS.

(No. 6,035.)

(Submitted December 20, 1926. Decided December 29, 1926.)

[252 Pac. 386.]

*Executions — Real Property — Redemption — Accounting of Rents and Profits—Procedure—Tender—Appeal—Moot Questions.*

Execution—Real Property—Purchaser Becomes Owner—Redemption—Purchaser may Contest.
1. Under section 9441, Revised Codes of 1921, the purchaser of real property on execution sale, becomes the owner thereof subject only to the right of redemption, and as such may contest the right of the judgment debtor to redeem.

Same—Redemption—Right Purely Statutory.

2. The right to redeem real property subsequent to decretal or execution sale is purely statutory and can be exercised only within the time and upon the conditions prescribed.

Same—Redemption—Request for Accounting—Tender Necessary.

3. A redemptioner of real property from execution sale who, proceeding under section 9448, Revised Codes of 1921, just prior to the expiration of the period of redemption demanded from the purchaser a verified statement of the rents and profits received by him from the property during his ownership, which was furnished after the expiration of such period, to then effect a redemption under that section was required to tender, within five days after receiving the statement, the amount found due after deduction of the rents and profits from the purchase price; and failure of plaintiff in an action to enjoin the sheriff from issuing a deed to the purchaser to allege in his complaint that he had made such tender rendered the pleading insufficient.

Same.

4. A redemptioner who deems the statement furnished him by the purchaser at execution sale of real property of the rents and profits thereof incorrect, must, to effect a redemption under section 9448, above, nevertheless tender the amount apparently due, but may do so under protest, thus advising the sheriff that the excess is not intended as a gift and making him a bailee of the redemptioner of the portion of the tender deemed excessive.

Judgments—Pleadings Raising but Abstract Questions—Jurisdiction—Appeal—Moot Questions.

5. Where the pleadings in an action raise but abstract questions of law the district court is without jurisdiction to render judgment, and an appeal in such a case presents but moot questions which the supreme court will not decide.

---

[1] Executions, 23 C. J., sec. 746, p. 724, n. 94; sec. 750, p. 726, n. 36 New; sec. 789, p. 746, n. 15.

[2] Executions, 23 C. J., sec. 722, p. 712, n. 66, 69; sec. 742, p. 722, n. 53, 55; sec. 746, p. 723, n. 76.

[3] Executions, 23 C. J., sec. 739, p. 721, n. 17; sec. 751, p. 726, n. 40.

[4] Executions, 23 C. J., sec. 736, p. 719, n. 90; sec. 739, p. 721, n. 25.

[5] Actions, 1 C. J., sec. 68, p. 973, n. 13. Appeal and Error, 3 C. J., sec. 113, p. 358, n. 84.

*Appeal from Silver Bow County; William E. Carroll, Judge.*

ACTION by James Reynolds, redemptioner, against Helena M. Davis, administratrix, substituted for L. V. Davis, deceased, and Larry Duggan, sheriff, for an accounting of rents and profits received by Davis from property purchased by the latter on execution sale, and to enjoin defendant sheriff from execut-

---

2. See 10 R. C. L. 1344.

ing a deed to Davis. The property was sold on execution on October 14, 1924. On October 10, 1925, Reynolds, proceeding under section 9448, Revised Codes of 1921, made written demand of the purchaser for a verified statement of the rents and profits received by the latter during the period of redemption, and this was furnished October 19 following. Judgment for defendants. Reversed.

*Mr. C. S. Wagner* and *Mr. George D. Toole,* for Appellant, submitted a brief and argued the cause orally.

*Mr. J. A. Poore,* for Respondents, submitted a brief.

MR. JUSTICE TOOLE delivered the opinion of the court.

The primary relief sought in this action is the compelling of an accounting and disclosure of the rents and profits of property which was sold under execution and received by L. V. Davis, as the purchaser thereof; the action being brought by plaintiff, as the judgment debtor, by virtue of which judgment the property was sold. Ancillary relief is also sought in restraint of the issuance of a sheriff's deed to the purchaser, and to compel an acceptance by the sheriff of the county in which the property was situate of the amount which should be found due and necessary to redeem the property.

The action is predicated upon a demand in writing made by the plaintiff of the execution sale purchaser for a written and verified statement of the amount of the rents and profits thus received, which demand is admitted, and the alleged, and controverted, faulty and fraudulent character of the statement given by the defendant L. V. Davis. The action was commenced seventeen days after the serving of the demand and four days after the giving of the statement.

A demurrer interposed to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, as well as an objection to the introduction of any evidence in the case, based upon the same ground, were each

overruled. After a trial of the case and the submission of testimony, the court rendered judgment that plaintiff take nothing, finally deciding the suit on its merits, and ordering the defendant sheriff to execute and deliver his deed to the property to the defendant Helen M. Davis, as administratrix of the estate of the defendant L. V. Davis, who had died during the pendency of the action (the proper substitution having been made), and from the judgment this appeal is taken.

By a fair implication from the facts set forth in the com-
[1]  plaint, the defendant L. V. Davis was, up to the time of the commencement of this action, the actual owner of the property, subject only to the right of redemption. Section 9441, Revised Codes of 1921, declares: "Upon a sale of real property, the purchaser is substituted to and acquires the right, title, interest, and claim of the judgment debtor thereto; and when the estate is less than a leasehold of two years' unexpired term, the sale is absolute. In all other cases the property is subject to redemption." (See *McQueeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561; *Citizens' Nat. Bank* v. *Western Loan & Building Co.,* 64 Mont. 40, 208 Pac. 893; *Dyer* v. *Schmidt,* 67 Mont. 6, 213 Pac. 1117; *Leonard* v. *Western,* 74 Mont. 513, 241 Pac. 523.) As owner he was entitled to protect his interest and to contest the right of Reynolds to redeem. (*Leonard* v. *Western, supra.*)

The right to redeem subsequent to decretal or execution sale
[2]  is purely of statutory origin and can only be exercised within the time and upon the conditions prescribed (*Banking Corporation of Montana* v. *Hein,* 52 Mont. 238, 156 Pac. 1085), subject to the exception that if such compliance is prevented, directly or indirectly, by the person from whom a redemption is sought, equity will intervene to protect his right and extend the time of the period of redemption (*Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717).

Our redemption statutes (secs. 9443 and 9448) provide, not
[3]  only two separate and distinct methods for determining the amount to be paid by a person entitled to redeem to

effect a redemption, but also different periods within which the redemption may be made. If the person entitled to redeem proceeds under section 9443, the amount necessary to be paid is merely a matter of mathematical calculation, which amount must be tendered within the period of redemption, which, in that event is limited to one year from the date of the sale; if, however, he proceeds under section 9448, the amount necessary to be paid by him can be determined only by an accounting; hence a tender is not necessary until the amount is determined, and the period within which the redemption may be made is extended according to the circumstances. If the person from whom a redemption is sought renders the account in response to the demand made upon him, the period of redemption is extended five days after such statement is given; if the statement is not given by such person within thirty days after the demand for it, the person entitled to and seeking such redemption must resort to a suit for an accounting, in which event the period of redemption allowed him is extended fifteen days after the final determination of the action. In other words, section 9448 confers upon the person entitled to redeem the right to effect a redemption by paying an amount which may be less than the amount paid by the person from whom redemption is sought, and it also extends the time within which the redemption may be made. The demand for such written and verified statement, to be effective for any purpose, must be made before the expiration of one year after the sale, but when made within that time it suspends the running of the statute, and the accounting itself determines the amount necessary to be paid to effect the redemption; but the redemption is not made until the amount is determined and paid or tendered, and then only in the event that such amount is paid or tendered within the period so extended (*Leonard* v. *Western, supra*). Such written and verified statement is for the purpose of enabling the person seeking redemption to know the precise amount of the credit upon the redemption money to be

paid, so that a tender can be made that will be accepted. (*Willard* v. *Fiske,* 2 Pick. (Mass.) 540.)

In the instant case Reynolds elected to proceed under section 9448 by making timely demand in writing of Davis for an accounting. Davis in turn and in response to this demand gave to Reynolds a written and verified statement purporting to set forth the rents and profits received. Presumably this statement of account was correct.

The statement given by Davis removed the difficulty on the part of Reynolds in ascertaining the credits upon the redemption money to be paid, and placed Reynolds in a position where it was unnecessary for him to make a tender at random, in that it permitted him to know the precise amount which, if timely tender was made thereof, would be accepted. Accordingly, if Reynolds desired to effect a redemption, it was incumbent upon him to tender or pay, within five days after he was given the written and verified statement, the amount necessary to effect a redemption. He was at liberty to either [4] determine this amount for himself and, upon doing so, tender the same at his peril, or to tender or pay the amount determined from the statement, with the right to accompany such payment or tender with a protest of the amount thereof by him deemed excessive. The protest would not nullify the effect of the tender (*McMillan* v. *Richards,* 9 Cal. 365, 417, 418, 70 Am. Dec. 655), and, while not taking from the tender its voluntary character (the same having been made not under restraint, and conceivedly for the redemptioner's best interest), would have the effect of advising the sheriff that the excess was not intended as a gift and make of the sheriff a bailee of the redemptioner of that part of the payment in excess of that which the redemptionee would be entitled to receive of the sheriff (*McMillan* v. *Vischer,* 14 Cal. 232).

In the instant case, however, the complaint is silent as to the element of tender. Accordingly no sufficient premises exist on the face of the pleadings for enjoining the sheriff from

issuing a deed to the property, or for requiring him to accept the amount which might be found due to effect the redemption. [5] The alleged falsity and fraudulent character of the verified and written statement accordingly resolves itself into a moot question, the determination of which this court will not undertake to decide (*State ex rel. Ford* v. *Cutts*, 53 Mont. 300, 163 Pac. 470); the complaint being barren of any allegations from which it might fairly be inferred that compliance with the redemption statute was prevented, directly or indirectly, by Davis.

In that the district court had before it pleadings which raised only an abstract question of law, it was without authority to determine the same, and the rendition by it of a judgment on the merits was accordingly erroneous. The judgment is reversed and the cause remanded to the district court, with directions to dismiss the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.