Argued July 9; affirmed July 13, 1937

ALPHA CORPORATION *v.* McCREDIE ET AL.

(70 P. (2d) 46)

*L. J. Balbach*, of Portland, for appellants.

*M. M. Matthiessen*, of Portland (Wood, Matthiessen & Rankin, of Portland, on the brief), for respondent Alpha Corporation.

*Herbert L. Swett*, of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondent Jesse E. Jones.

RAND, J. On February 10, 1936, the sheriff of Multnomah county, pursuant to a decree and order of sale, sold certain mortgaged premises in the city of Portland belonging to Hugh McCredie, Jr., and Velma McCredie, his wife, who were the mortgagors thereof, to the Alpha Corporation, the holder of the mortgage, for the sum of $38,640.19, which satisfied the decree in full. On the same day a certificate of sale was issued and the

purchaser entered into the possession of the premises. On February 21, 1936, no objections having been made or filed, an order was entered confirming the sale. No appeal has been taken either from the decree of foreclosure or from the order of confirmation.

On November 13, 1936, and within the time allowed by law for the redemption of real property sold under execution, the mortgagors, pursuant to section 3-505, Oregon Code 1930, gave notice in writing to the Alpha Corporation and to one Jesse E. Jones, who they claim is a successor in interest of the Alpha Corporation, of their intention to redeem the property and combined in said notice a demand that they and each of them account for the rents, issues and profits accruing to them while in possession of the property.

Pursuant to such demand, the purchaser filed with the sheriff a verified statement of the amounts claimed to have been received and of the amounts claimed to have been expended in payment of taxes and in the improvement and repair of the property and also the amount which it claimed it would be entitled to receive upon the redemption of the property. Jones rendered no statement of account.

Being dissatisfied with the account so rendered, the mortgagors filed with the sheriff their objections thereto and thereupon, pursuant to said section, the sheriff transmitted to the circuit court for Multnomah county all papers in his possession touching the foreclosure sale and redemption of the property. A hearing thereon was had and an order was made and entered, requiring the McCredies, on redeeming the property, to pay to the sheriff the full purchase price with interest from the date of sale less a credit of $200 per month, as the rental value of the premises, until the redemption should be effected, and also requiring the mortgagors

to pay the amounts paid by purchaser for taxes and as street assessments with interest upon all said sums from their date of payment, and disallowed all other items claimed in said accounting.

The trial court also held that Jesse E. Jones was not a successor in interest of the purchaser and was not required to account to the mortgagors. From this order and judgment, the mortgagors have appealed. Their principal contention is that the trial court erred in holding that Jesse E. Jones was not a successor in interest of the purchaser within the meaning of section 3-505 and, therefore, was not required to account for any rents, issues or profits received by him while in possession of the property as a tenant of the purchaser and while engaged in the operation of a moving picture theater located upon the premises sought to be redeemed.

Section 3-505, Oregon Code 1930, upon which the mortgagors rely, gives to the mortgagor the right to redeem his property from an execution sale in a foreclosure suit upon paying to the sheriff the various sums specified in the statute and also gives to the mortgagor the right to deduct from the amount which he would otherwise be compelled to pay an amount equal to the rents, issues and profits received by the purchaser while in possession of the property, and defines the making of such deduction as a setoff against the amount to be paid by the mortgagor upon the redemption of the property. That section also requires the purchaser to render an accounting of the amount of such rents and profits and provides that, when such accounting is filed and a dispute arises over the amount which should be deducted, all papers shall be transmitted by the sheriff to the circuit court and that the dispute be there heard and determined in a summary manner. In order

to obtain such an accounting, the statute provides that the mortgagor shall give to the purchaser or his successors in interest at least 10 days' written notice to render an account and makes it the duty of the purchaser or his successors in interest, within 10 days thereafter, to file with the sheriff a verified statement of the account. At the end of the section, there is a clause attempting to define the words ''purchaser'' and ''successors in interest'' which reads as follows:

''* * * the words 'purchaser' and/or 'purchaser or his successors in interest' shall mean the original purchaser or his assignees, or his successors in interest or those holding after him or under him.''

■ A reading of that section discloses that the words ''successors in interest'' are used in the statute three times before the definition of those terms is given. The first time the words are so used, the statute provides that the mortgagor ''shall be entitled to a setoff * * * upon his giving to the purchaser or his successors in interest at least ten days' written notice, etc.'' The second time those words are used is where the statute provides that: ''Within ten days after such notice is given, the purchaser or his successors in interest shall file with the sheriff, etc.'' When this statute is read as a whole and particularly when read in connection with other sections of the statute governing the mode and right of redemption, it will be seen that, in order to give effect to the statute as a whole, it is only the original purchaser or one to whom the original purchaser has assigned his certificate of sale, or, in some way, transferred or conveyed his right to receive the redemption money, or a part thereof, who is required to account for the rents, issues and profits received while in possession of the property pending the redemption. Otherwise, there can be no setoff since,

as the statute clearly indicates, the setoff must be made as against the amount which the mortgagor is compelled to pay upon consummating the redemption. To give to these words any other meaning it seems obvious would disregard and violate the intention of the statute.

■■ The testimony taken at the hearing in the circuit court was not reduced to writing and we have no means of knowing upon what the trial court acted in determining that Jesse E. Jones was not a successor in interest of the purchaser and, for that reason, was not compelled to render an account. In the absence of the testimony, the presumption is that the ruling was correct. The record before us, however, shows a copy of the notice requiring the accounting that was served upon the purchaser and Jones and, in that notice, was contained what it is admitted was a true copy of a contract which was entered into between Jones and the Alpha Corporation. The contract is wholly executory and in legal effect it leased the premises in question for a rental of $50 per month during the period of redemption and provided that, if no redemption was made, Jones should purchase the property for a sum specified payable in installments at the rate of $300 per month extending over a long period of time. Under this contract, pending the redemption if made, Jones became a mere tenant of the property, while, if redemption took place, his rights in the property were to cease and determine. The contract conferred no rights upon Jones to receive any part of the redemption money in case a redemption was had. Jones is the operator of a moving picture theater located on the property in question. He is no more compelled, under the statute, to account for the profits he made while engaged in that business or for rents which he received from others to whom he rented portions of the building than would be any other tenant to whom

he rented. Neither he nor they, upon redemption being effected, are entitled to receive any part of the redemption money and, therefore, they are not compelled, under the plain provisions of the statute, to account to the mortgagors.

The mortgagors also contend that this contract between the purchaser and Jones is invalid and against public policy because preventing competition in bidding when the sale was made. There is nothing in the contract which supports that contention. The right which the mortgagors are seeking to enforce is the right of redemption from a valid sale and, if it had been true, as now contended by the mortgagors, competition in bidding had been prevented by this contract, or by any arrangement between the purchaser and Jones, the objection should have been urged either in opposition to the confirmation of the sale or subsequently by an independent suit to avoid the sale. The mortgagors are seeking to redeem the property and, before they can do so, they must pay to the purchaser the amounts prescribed by the statute and this they would have to do before a court of equity would be authorized to set aside the sale and reinstate the mortgage or direct a resale of the mortgaged premises. The objection, even if valid, comes too late and if sustained would not affect the amount which the mortgagors must pay to obtain a redemption of the property but, as stated, there is no evidence in the record showing or tending to show that the contract referred to was invalid or was entered into for any unlawful purpose.

The statute provides that the redemption must be made within one year and this would have been the effect of the statute under the redemption law of this state as originally enacted but because of the amendments that have been made to section 3-505, Oregon

Code 1930, requiring an accounting to be had by the purchaser or his successors in interest of the rents and profits received during their possession of the property in the redemption proceedings themselves and authorizing a hearing before the circuit court from which an appeal can be taken, the time for redemption is thereby extended until the matter is finally disposed of upon appeal. For these reasons, we hold that the mortgagors have not lost their right of redemption although more than one year has elapsed since the property was sold.

The order and judgment appealed from will, therefore, be affirmed and the case will be remanded to the court below with instructions to permit the mortgagors to redeem the property upon paying to the sheriff "the amount of the purchase money, with interest thereon at the rate of 10 per centum per annum from the date of sale, together with the amount of any taxes the purchaser may have been required to pay thereon * * * and also all sums that such purchaser may have been required to pay on prior liens, with interest upon every such payment made by the purchaser at the rate of 10 per centum per annum from the date of payment thereof", as provided in section 3-505, Oregon Code 1930, less the sum of $200 per month from the date of sale until the date of redemption, and said redemption may be made at any time on or before but not later than the 13th day of September, 1937, upon the giving of two days notice to the purchaser. Should redemption be made on or before said date, the effect of the sale will be terminated but if not made on or before said date, then the purchaser shall, on said date, be entitled to a sheriff's deed; neither party to recover costs in this court. It is so ordered.

BEAN, C. J., and BAILEY and ROSSMAN, JJ., concur.