Argued November 9; affirmed November 30, 1943

# WILSON *v.* CRIMMINS ET AL.
(143 P. (2d) 665)

Before Bailey, Chief Justice, and Belt, Rossman, Kelly, Lusk, Brand and Hay, Associate Justices.

George P. Winslow, of Tillamook, for plaintiff-appellant.

H. T. Botts, of Tillamook, for redemptioner-respondent.

LUSK, J. In January, 1934, the plaintiff J. M. Wilson recovered a judgment against the defendants George Crimmins and Bertha Crimmins, his wife (the latter now deceased), and on February 24, 1940, caused to be sold on execution for the satisfaction of such judgment real property of the defendants, theretofore attached, in Tillamook County, described as Lot 5, Block 21, of Thayer's Addition to Tillamook. The property was sold by the sheriff in two separate tracts,

each improved with a dwelling house, one tract comprising the north fifty feet of said Lot 5, and the other the south fifty-five feet thereof. The plaintiff was the purchaser at the sale.

On the day before the sale the defendant George Crimmins filed a motion showing that he and his wife, who was then deceased, had been adjudicated bankrupts on February 23, 1933, and discharged from bankruptcy on September 5, 1934, and asking that the judgment be discharged and satisfied of record. The motion also alleges that the attached property was the defendants' homestead. On the same day a notice in writing embodying the matters contained in the motion was given to the sheriff of Tillamook County.

On March 4, 1940, the defendant George Crimmins filed objections to the confirmation of the sale on the ground, among others, that the real property sold constituted his homestead.

On October 5, 1938, the bankruptcy court had entered an order allowing the bankrupt his claim of exemption as to the whole of Lot 5 on the ground that it was his homestead, but subsequently, on August 7, 1941, the bankruptcy cause having been reopened, the referee determined that only the south 65 feet 4 inches of the lot constituted a homestead and was therefore exempt, and disallowed the claim of exemption as to the north 39 feet 8 inches of the lot. The two parcels will hereinafter be referred to, respectively, as the south tract and the north tract.

Thereafter the plaintiff filed with the court a written waiver and release of any and all claim to the south tract, and on February 7, 1942, the court sustained the objections to the sale and ordered a resale of the north tract. Accordingly, on March 27, 1942,

a re-sale was had at which the plaintiff bid in the north tract for $350.00. The sale was confirmed by the court on April 7, 1942.

On September 24, 1942, the defendant George Crimmins conveyed the legal title to the north tract to the redemptioner, Emma P. Ward, by quitclaim deed.

In the month of January, 1943, and within the time allowed by law to redeem, the redemptioner served upon the plaintiff and filed with the sheriff of Tillamook County a notice of intention to redeem the north tract. Thereafter, the plaintiff served upon the redemptioner, and filed with the sheriff, a statement of the account in which he acknowledged the receipt of rent from said property in the amount of $84.65, but contested the right of Emma P. Ward to redeem. The redemptioner filed objections with the sheriff to the plaintiff's account, on the ground, among others, that it did not disclose the full amount of rents collected by the plaintiff, and the sheriff thereupon referred the controversy to the circuit court, in accordance with the provisions of § 6-1605, O. C. L. A. See *Alpha Corporation v. McCredie,* 157 Or. 88, 70 P. (2d) 46.

After a hearing the court entered an order in which it found that Emma P. Ward was entitled to redeem; that the application to redeem was in the manner and form required by the statute; that in order to redeem the redemptioner must pay to the plaintiff $350.00 with interest thereon at the rate of 10 per cent per annum from the date of the sale to the date of redemption, a total of $385.00, less credits on account of rents received by the plaintiff from the redeemed property; and that the amount of such rents is $312.32, leaving a balance of $72.68 to be paid by the redemptioner. Upon those terms the application to redeem was allowed. (The order erroneously states the balance as $72.88.)

From the foregoing order the plaintiff has prosecuted this appeal.

■ Under the statute a grantee of the legal title to real property sold on execution has the right to redeem. § 6-1602, O. C. L. A. The privilege may be exercised within one year from the date of sale by paying the amount of the purchase money with interest thereon at 10 per cent per annum from the date of sale, but the redemptioner is entitled to set off against that amount the rents accruing from the property while the same was in possession of the purchaser, upon his giving to the purchaser at least ten days written notice to render an account for such rents. Within ten days after such notice is given the purchaser is required to file with the sheriff of the county where the property is situate a verified account of such rents; within five days thereafter the redemptioner may file objections to such account with the sheriff, who forthwith must transmit all the papers to the circuit court or the judge thereof for determination of the controversy. § 6-1605, O. C. L. A.

This was the procedure followed in the instant case, and, except as hereinafter stated, there is no contention that the redemptioner has not complied with the requirements of the statute.

The plaintiff contests the redemptioner's right to redeem because she did not tender the amount which she admitted to be due. In her application to redeem, made to the sheriff on February 3, 1943, the redemptioner, after setting forth the amount of rent collected by the plaintiff for which she claimed credit, said:

"I claim balance of $45.55 is the proper amount payable on redemption, but offer to pay such sum as shall on a proper consideration of the matter be found to be required to fully pay plaintiff-purchaser the balance due him in that respect."

At the hearing the attorney for the redemptioner tendered into court a check with the amount left blank, and the court directed that this check be transmitted to the sheriff, who was authorized to fill it in with the amount which the court found the redemptioner must pay, and to accept the same for redemption. No contention is made that the check is not good.

■ We think that the redemptioner did all that the law required of her in the circumstances of this case. The statute is silent on the subject of a tender, though it may be that when the amount required to redeem is certain and liquidated a tender is essential. But that was not the case here, and the authorities support the view that, where the person from whom a redemption is sought has been in possession of the land and an accounting is necessary by virtue of his receipt of rents and profits, a tender by the redemptioner, before bringing a proceeding to redeem, is unnecessary, and that it is sufficient to plead a willingness to pay the amount found proper to be paid to the purchaser. 3 Wiltsie on Mortgages (5th Ed.) 1835, § 1216; 42 C. J., Mortgages 405, § 2200. The case of *Sharpe v. Lees,* 62 Or. 506, 509, 123 P. 1071, cited by the plaintiff, is to be distinguished because there, as the court said, "the amount to be paid was certain and liquidated". The case, moreover, does not constitute a clear decision that a tender would, in any circumstances, be necessary, because the court said that the plaintiffs, who were seeking to redeem, "must have had the money, with which to redeem, there, ready to pay over, or at least show that they had it within their power to immediately produce it." In *Alpha Corporation v. McCredie,* supra, the question was not raised, but the decision tends to support the conclusion that a tender is not necessary in a case in-

volving facts similar to those here presented, because none appears to have been made, and the court, in affirming the order of redemption, remanded the case to the circuit court with instructions to permit the mortgagors to redeem the property upon paying to the sheriff the amount which was found proper.

The cases of *Iowa Loan & Trust Co. v. Kunsch,* 156 Iowa, 91, 135 N. W. 426, and *Gates v. Ives,* 191 Iowa, 851, 183 N. W. 406, cited by the plaintiff, and holding that a tender was necessary, are based upon a statute which, as construed by the court, contemplates an actual deposit of money; while in *Reynolds v. Davis,* 78 Mont. 56, 252 P. 386, likewise cited by the plaintiff, although an accounting was required to determine the amount to be paid on redemption, the accounting, when submitted, was accepted as correct, and it was in those circumstances that the court held a tender to be necessary.

■ Moreover the plaintiff, by his accounting, plainly indicated his unwillingness to accept the amount which the redemptioner admitted to be due, and, indeed, disputed the right of the redemptioner to redeem at all. Consequently, a tender would have been a futile act, and the plaintiff, even though otherwise he would have had the right to insist upon a tender, waived it by the course which he took.

■ The plaintiff asserts that the application to redeem was made by the attorney for the redemptioner without authority, but the evidence shows that the husband of the redemptioner, who was looking after her interests in the property, had employed the attorney for that purpose, and consequently the contention is without merit.

■ The plaintiff contends that the court erred in its determination of the amount of rents received by him.

The total of such rent was found to be $312.32, of which the sum of $84.65 was received by the plaintiff after the sale of March 27, 1942, and is conceded by him to be a proper credit to be allowed the redemptioner. He disputes, however, the balance of $227.67 with which he is charged in the order of the court.

The facts concerning this item are as follows: After the first sale the plaintiff collected rents from the south tract—the homestead property—and the defendant George Crimmins collected rents from the north tract—the non-exempt property. Crimmins brought a suit in equity against the plaintiff and a tenant of the homestead property, in which, in addition to other relief demanded, he sought a judgment for the amount of rent so collected by the plaintiff from the homestead. The plaintiff, as defendant in that suit, counterclaimed for the rents collected by Crimmins from the non-exempt property. The court found that Wilson had collected $305.70 belonging to Crimmins and that Crimmins had collected $227.67 belonging to Wilson, and set off the latter sum against the former and gave judgment against Wilson for the difference, $78.03. No appeal was taken from this judgment. In the present proceeding the court treated the sum of $227.67 as rent collected by the plaintiff from the property sought to be redeemed, and allowed it as a credit to the redemptioner.

The plaintiff argues that this was error because he says that the only rents that he ever collected were from the homestead, and that the sum of $227.67, rents collected from the non-exempt property, were never received by him but by Crimmins. This contention, in our opinion, ignores the substance of the business, for, when the court set off against the amount found owing by Wilson to Crimmins, the amount found due from

Crimmins to Wilson—that is to say, $227.67 in rents collected by Crimmins from the non-exempt property— the effect of the judgment was to that extent to pay Wilson's indebtedness to Crimmins with rental money collected from the property sought to be redeemed. It is no different than if Wilson had recovered a judgment against Crimmins for $227.67, collected it, and then used it to pay in part his debt to Crimmins. Notwithstanding the form which the transaction took, Wilson had the benefit of the rents from the non-exempt property as fully as he would have had in the case supposed, and it was just and proper and in accordance with the provisions of the statute that he should be required to account for, and give credit to the redemptioner, for the amount of such rents.

■ The plaintiff complains because the property sought to be redeemed was conveyed to the redemptioner while the suit brought by Crimmins against Wilson and Hathaway was pending. It is said that as a result of the conveyance the case became fictitious, and that it was a fraud on the court and contempt of court to continue thereafter to prosecute it. We are unable to take this view of the matter. Crimmins had the right under § 1-311, O. C. L. A. (made applicable to suits in equity by § 9-107, O. C. L. A.), to maintain the suit to the end, since that statute expressly provides that no action shall abate by the transfer of any interest therein. If the plaintiff became liable to a redemptioner for rents collected by him from the property, it could make no difference to him who was the redemptioner— whether the original owner or a grantee—; he has suffered no wrong because it is the grantee, exercising rights given her by the statute, to whom he must give credit for the amount of these rents.

The judgment and order appealed from will be affirmed, and the case will be remanded to the circuit court with instructions to permit the redemptioner to redeem upon paying to the sheriff the balance found in such order, such redemption to be made at any time on or before, but not later than, the 30th day of December, 1943, upon the giving of two days' notice to the plaintiff. *Alpha Corporation v. McCredie,* supra. The redemptioner will recover her costs and disbursements. It is so ordered.