Submitted October 15, reversed and remanded November 12, 1959
KIRK ET AL *v.* ROSE *v.* WOODS ET UX
346 P. 2d 90

Leo Levenson, Portland, for appellant.
No appearance for respondents.

WARNER, J.

On January 21, 1958, a judgment and decree of foreclosure was entered in favor of Hazel M. Kirk and Mary Janet Hofstetter, as mortgagees, under a mortgage on certain lands in Clackamas County, Oregon, owned by the appellant, Emerest E. Rose, hereinafter called the mortgagor.

Subsequently, a writ of execution was issued and a sale of the property was made by the sheriff on March 11, 1958, to Oliver V. Woods and Elfie E. Woods, his wife, the respondents in this matter, and who are hereinafter called the purchasers.

On March 9, 1959, Rose, as mortgagor, gave

notice to the purchasers of his intention to redeem. This notice read as follows:

"You and each of you will please take notice that the undersigned intends to redeem the real property heretofore sold on Sheriff's execution and sale, described as follows, to-wit:

[description omitted]

which said property was sold by the Sheriff of Clackamas County, Oregon, on the 11th day of March, 1958, at 10 o'clock A. M.

"This notice is given you pursuant to Section 23.570 O. R. S."

The following day, the purchasers, in writing, acknowledged receipt of the notice and protested to the sheriff the legal sufficiency of the notice because, as they alleged, it was not served and filed by Emerest E. Rose *"within the time provided by law* and particularly within the provisions of ORS 23.560 and 23.570." (Emphasis ours.) The same day they also filed their verified claim on redemption disclosing the disbursements made by them at the time of and since the sale of March 11, 1958, with credits thereto arising from rentals received. This claim included the further declaration that the purchasers "in no way waive their protest heretofore filed herein that the notice of redemption by the said Emerest E. Rose was *not made within the time prescribed by law."* (Emphasis ours.)

On March 12, 1959, Rose filed his objections thereto, whereupon the sheriff referred the matter to the judge of the circuit court for determination in the summary manner provided by ORS 23.560(4).

The following day the purchasers filed in the circuit court their motion for an order directing the sheriff to execute a deed conveying to them the property acquired at the execution sale and as described

596

in the sheriff's certificate which they had previously delivered to him. Their right to such order was, as stated in the motion, predicated upon three propositions, namely: (1) that no proper notice of intention to redeem had been served upon them; (2) that the mortgagor had made no tender of funds for the purpose of redemption; and (3) that the notice of redemption had not been served within the time required by law.

On March 19, 1959, the court entered the requested order from whence the mortgagor appeals under authority of ORS 23.560(4).[1]

The order recites that the court found after hearing "that the redemption attempted by Emerest E. Rose [the mortgagor] was not performed within the time and in the manner provided by law." Except for the allusion to the failure to redeem within the time provided by law, we have no indication in the record as to what the court had in mind when it also found that the attempted redemption failed because not "performed * * * in the manner provided by law." Did this comprehend a "want of proper notice" and a failure to make a tender as urged by the motion upon which the order was based?

Because of the conclusion which we reach, we deem it necessary to examine the merits of each of the several contentions advanced by the motion in order that the circuit court may, upon reconsideration, have our holdings on respondents' three propositions before it for its guidance.

It was correct to say that the notice "was not performed [or given] in the manner provided by law." But to so say does not give a complete answer

[1] ORS 23.560(4): "* * * Either party may appeal to the Supreme Court from such [summary] determination and decision by the circuit court. * * *"

to the first proposition urged by the motion of purchasers.

ORS 23.570(1) lays out the mode of redemption. The person seeking to redeem shall "give the purchaser or redemptioner not less than 2 days' nor more than 30 days' notice of his intention to apply to the sheriff for that purpose;  *  *  *. *At the time and place specified in the notice,* which place shall be the office of the sheriff at the courthouse, such person may redeem by paying to the sheriff the sum required.  *  *  *" (Emphasis ours.)

■ Turning to the notice of intention to redeem served by the mortgagor upon the purchasers, we find it is defective in the following particulars: in that it fails to specify (1) the time and (2) the place where said contemplated redemption will be made. ORS 23.570(1), supra. The absence of these statutory-required specifications, standing alone, would have vitiated the notice of redemption as an effective instrument for that purpose and warranted the court's finding to the effect that the notice was "not performed in the manner provided by law" were it not for the further provision of ORS 23.570, reading:

"(2)  A party seeking to redeem shall submit to the sheriff the evidence of his right thereto as follows:

"(a)  Proof that the notice required by this section was given to the purchaser or redemptioner or waived."

■ Examining once more the several documents filed with the sheriff by the purchasers and earlier referred to, we note that in their protest of March 10, 1959, the only objection taken by the purchasers was addressed to the want of the timeliness of the notice, no more nor no less, and in their verified claim on

redemption, respecting disbursements made and income received in their capacity as the purchasers, they again protest Rose's notice of redemption solely on the ground that it was not made within the time prescribed by law. The failure of the purchasers to protest or object to the notice because it failed to specify the time and place of redemption we hold to be a waiver of these defects in form. Moreover, the record discloses that purchasers were not injured by the absence of formal notice of the time and place of redemption. They acted promptly on the notice received and filed with the sheriff all that was required on their part to protect their interests as purchasers, assuming the notice to be given in time.

If the court below in making its order was persuaded, as suggested by purchasers' motion, that the lack of tender of redemption money was fatal to the right of Mr. Rose to redeem then, again, the court was in error.

■ This court has held that a tender of redemption money is not a condition precedent in a redemption where an accounting is necessary and the redemption sum is uncertain, as here. *Wilson v. Crimmins,* 172 Or 616, 143 P2d 665 (1943); *Haskin v. Greene,* 205 Or 140, 159, 286 P2d 128, 286 P2d 137 (1955).

This brings us to a consideration of the third proposition of the motion relied upon by the purchasers, i.e., its timeliness.

Did the mortgagor give timely notice of intention to redeem?

The sheriff's sale, as we have noticed, occurred on March 11, 1958.

ORS 23.560, supra, confers on a mortgagor or judgment debtor whose right and title were sold the

privilege to redeem "at any time within one year *after the date of sale."* (Emphasis ours.)

The rule for the computation of time is established by ORS 174.120. It provides:

"The time within which an act is to be done, as provided in the civil procedure statutes, is computed by excluding the first day and *including the last * * *."* (Emphasis ours.)

■ When a statute, as in ORS 174.120, supra, does not limit its application to any specified period of time, such as days, months or years, it applies to all divisions of time, except in special cases when otherwise provided. *Grant v. Paddock,* 30 Or 312, 318, 47 P 712; *Rynearson v. Union County,* 54 Or 181, 183, 102 P 785; *Watson v. City of Salem,* 84 Or 666, 673, 675, 164 P 567, 164 P 1184.

■■ Applying the rule found in ORS 174.120, supra, to the instant matter, the year of redemption referred to in ORS 23.560, supra, began March 12, 1958, and the whole of March 11, 1959, would be necessary to make up the full period of one year or 365 days. This method of computing time is particularly applicable to the time for redemption from judicial sales. See 86 CJS 880, Time § 13(16), where it is said:

"In computing the period of time for the redemption of property from a judicial sale, the day of the sale is generally excluded, and the period is inclusive of the whole of the last day."

See, also, 86 CJS, supra, 904 § 16; 30A Am Jur 1042, Judicial Sales § 242.

But ORS 23.570(1) imposes upon the prospective redemptioner a further time limitation upon the privilege accorded by ORS 23.560, supra. There, we find:

"The person seeking to redeem shall give the purchaser or redemptioner not less than 2 days' nor more than 30 days' notice of his intention to apply to the sheriff for that purpose." The minimum time for that purpose is, therefore, two days within the year which ended and included the whole of March 11, 1959. This the mortgagor accomplished by service of the notice of intention to redeem on the purchasers on the ninth of March, 1959, and which they acknowledge was accomplished on that date.

Since the mortgagor made timely compliance in giving his notice, the court was in error in holding his attempt to redeem had failed.

The order appealed from is reversed and the matter is remanded for a determination pursuant to ORS 23.560(4) of the amount necessary for the mortgagor to pay to effect a redemption.