Argued and submitted September 8, reversed November 4, 1980

# FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SALEM,
*Plaintiff-Purchaser,*

*v.*

## GRUBER et ux,
*Defendants.*

## HARRIS,
*Petitioner (Assignee of Purchaser),*

*v.*

## BARNUM,
*Respondent (Assignee of Defendants).*

### (CA 14254, SC 27041)

618 P2d 1265

Charles R. Markley, of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, argued the cause and filed briefs for petitioner.

Thomas C. Howser, of Cottle, Howser & Hampton, Ashland, argued the cause and filed brief for respondent.

Kenneth Sherman, Salem, for Oregon Bankers Assn., and William E. Rosell, Portland, for The Oregon Bank, filed an amici curiae brief.

Before Denecke, Chief Justice,* and Howell, Lent, Linde and Tanzer, Justices.

HOWELL, J.

---

* Denecke, C. J., did not participate in this decision.

**HOWELL, J.**

This case involves the attempted redemption of real property sold at an execution sale under a decree of foreclosure entered by the Circuit Court for Deschutes County. The trial court found the redemption was proper and entered an order directing conveyance of the property to the redemptioner.[1] The Court of Appeals affirmed. We granted review to consider whether the notice of intent to redeem was timely under ORS 23.570(1), which provides that a redemptioner must give not less than two days' nor more than 30 days' notice of his intention to apply to the sheriff for redemption.[2]

The date of the execution sale was December 16, 1977. One calendar year later, at about 8 p.m., the purchaser was served in Portland with notice that the redemptioner would make an application to redeem on December 16.[3] The notice included a demand for an accounting. Approximately 30 minutes later, in Bend, the redemptioner paid the redemption money to the sheriff.

---

[1] First Federal, which purchased the property at the execution sale, subsequently assigned all of its interest in the property to petitioner Harris for the amount of the purchase price. The Grubers, the original owners of the property, assigned their rights to respondent Barnum by way of an unacknowledged deed a few minutes after 8 p.m. on Saturday, December 16, 1978. For convenience, petitioner Harris, assignee of the original purchasers, is denominated "purchaser" herein; respondent Barnum is denominated "redemptioner."

[2] ORS 23.570(1) provides:

"The mode of redeeming shall be as provided in this section:

"(1) The person seeking to redeem shall give the purchaser or redemptioner not less than two days' nor more than 30 days' notice of his intention to apply to the sheriff for that purpose; if with reasonable diligence personal service of such notice can not be made within the state, then proof thereof by affidavit filed with the sheriff shall be equivalent to such personal service. At the time and place specified in the notice, which place shall be the office of the sheriff at the courthouse, such person may redeem by paying to the sheriff the sum required. The sheriff shall give the person redeeming a certificate, as in the case of sale on execution, adding therein the sum paid on redemption, from whom redeemed, and the date thereof. The redemptioner shall file the certificate of redemption with the clerk of the court out of which execution issued. The clerk shall record it in the book of executions, under the same heading as the original execution, and shall index the same in like manner with the additional words 'redemption certificate,' and when the certificate is so recorded, shall place it with the execution and judgment roll."

[3] The notice of intent to redeem referred to December 16, 1978, or December 18, 1978. However, application was actually made on December 16, 1978, and that has been the date used by the parties.

On December 26, 1978, the purchaser applied ex parte for, and was granted, a court order directing the sheriff to convey the property to him on the ground that the attempted redemption was not timely. The sheriff returned the redemption money to the redemptioner, and the redemptioner subsequently applied to the circuit court for an order vacating the December 26, 1978, order on the grounds of surprise.

After a hearing the circuit court vacated its previous order conveying the property to purchaser. The trial court did not discuss the sufficiency of the 30-minute period between the notice and the act of redemption, but concluded that notice of intent to redeem was timely under ORS 23.570 because it was given not less than two days before the end of the one-year redemption period. The court reasoned as follows: Since the sale was on December 16, 1977, the one-year redemption period began on December 17, 1977, and ended on December 16, 1978. However, December 16, 1978, was a Saturday, which under ORS 174.120[4] is considered an excluded day, and thus the time was extended one day. The next day was Sunday, which is defined as a "legal holiday" under ORS 187.010(1)(a)[5] and therefore was also excluded under ORS 174.120. Accordingly, the trial court concluded that the time computation statutes extended the redemption year to the end of the day December 18, 1978, and therefore the December 16 notice was timely. The court directed conveyance to the redemptioner, but stayed the issuance of the corrected conveyance in order to give the purchaser the opportunity to appeal.

On appeal to the Court of Appeals, the purchaser assigned as error the trial court's order in favor of the redemptioner. The purchaser conceded that December 18 was the last day of the redemption period but argued that the two-day notice required by ORS 23.570(1) must be

---

[4] ORS 174.120 provides:

"The time within which an act is to be done, as provided in the civil procedure statutes but except as otherwise provided in ORCP 10, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

[5] ORS 187.010(1)(a) states that "The following days are legal holidays in this state: (a) Each Sunday. * * * "

measured from the intended date of redemption and not from the last day of the one-year redemption period.[6]

The Court of Appeals held that the notice of intent to redeem was timely because it was given not less than two days before the end of the year redemption period. We agree with the purchaser that the Court of Appeals misinterpreted the notice required by ORS 23.570(1) when it concluded that the time was determined by the end of the one-year redemption period.

■ The right to redeem is strictly statutory and therefore redemption must be pursued only in accordance with the applicable statutes. *Stamate v. Peterson,* 250 Or 532, 444 P2d 30 (1968). The redemption statutes impose two time limitations upon the mortgagor's right to redeem. First, ORS 23.560(1) stipulates that redemption may occur "at any time within one year after the date of sale."[7] Second, ORS 23.570(1) provides that the redemptioner must give the purchaser "not less than two days' nor more than 30 days' notice of his *intention to apply to the sheriff* for that purpose." (Emphasis added.)

■ The language of ORS 23.570(1) makes clear that the two-day notice to the purchaser must be measured from the intended date of the application to the sheriff and not from the end of the one-year period. In holding that 30 minutes' notice was timely if within two days of the end of

---

[6] In addition, purchaser claimed the notice was defective in that it specified two different dates for redemption and the application to the sheriff was made prior to the time specified in the notice. He also contended that the statutory procedure was not complied with in that redemptioner did not submit proof that the notice was served on the purchaser, ORS 23.570(2)(a), and no affidavit of the assignment of redemption rights or the redemption amount was submitted, ORS 23.570(2)(c).

[7] ORS 23.560(1):

"(1) The mortgagor or judgment debtor whose right and title were sold, or his heir, devisee or grantee, who has acquired by inheritance, devise, deed, sale, or by virtue of any execution or by any other means, the legal title to the property sold, may, at any time within one year after the date of sale, redeem the property; provided that a transfer of the judgment debtor's interest in the property, either before or after sale, shall preclude him from the right to redeem unless the proceeds from the sale are insufficient to satisfy the judgment, in which event the judgment debtor shall have the right to redeem at any time within 10 days after the year herein allowed for redemption, and not otherwise."

the redemption year, both the trial court and the Court of Appeals relied on *Kirk et al v. Rose v. Woods et ux,* 218 Or 593, 346 P2d 90 (1959). However, while we did state in *Kirk* that notice was timely when given two days within the end of the one-year period, our statement should not be construed as meaning that the only time provision the redemptioner has to comply with is the one-year limitation. The notice was timely in *Kirk* because the last day of the redemption year was the intended date of redemption, not because the notice period was measured from the end of the redemption year. To the extent that the language in *Kirk* seems to approve the application of notice as the end of the one-year redemption period instead of from the time of notice of intent to redeem, it is overruled.

■ Redemption is allowed any time during the one-year period. ORS 23.560(1); *see e.g., Haskin v. Greene,* 205 Or 140, 286 P2d 128 (1955); *Wilson v. Crimmins,* 172 Or 616, 143 P2d 665 (1943); *Alpha Corporation v. McCredie,* 157 Or 88, 70 P2d 46 (1937). But under the interpretation of ORS 23.570(1) urged by the redemptioner (and found by the Court of Appeals) that "not less than two days nor more than 30 days" is measured from the end of the redemption year, a redemptioner would not be able to redeem during the eleven months immediately following the execution sale. There is no reason for the legislature to limit the right of redemption to the final 30 days of the one-year redemption period. Moreover, under ORS 23.560(2), the purchaser has a right to receive, at the time of redemption, reimbursement for payment of senior liens, taxes and sums expended to prevent waste. Thus, the notice provision was intended to give the purchaser adequate opportunity to establish the amount necessary to redeem.

■ Because the purchaser was given insufficient notice, the Court of Appeals was in error in holding that notice of redemption was timely under ORS 23.570(1).[8]

---

[8] We note that notice in this case would have been untimely even under the interpretation of ORS 23.570(1) given by the Court of Appeals. There must be "not less than two days nor more than 30 days" between the notice and the intended date of redemption. By "not less than" we mean there must be not less than two full days between the notice and the act of redemption. *Watson v. City of Salem,* 84 Or 666, 164 P 1184 (1917). Where, as here, notice is given on Saturday,

Since we hold that the attempted redemption is invalid because it was untimely, we need not reach the other issues raised by the purchaser.

Reversed.

---

December 16, redemption may only occur after December 18, i.e., December 19, or later. This would be clearly beyond the redemption period. In so clarifying the construction of "not less than" in this context, we overrule the construction given the language in *Kirk* wherein we stated that notice given March 9 was "not less than two days" before the end of the redemption year on March 11.