Argued and submitted December 14, 1984, reversed and remanded with instructions
July 17, 1985

## LAND ASSOCIATES, INC.,
*Plaintiff,*

*v.*

## BECKER et al,
*Defendants,*

## CALLAHAN,
*Intervenor-Appellant,*

*v.*

## LAND ASSOCIATES, INC. et al,
*Respondents.*

(16-79-06159; CA A31775)

703 P2d 1004

Harold D. Gillis, Eugene, argued the cause and filed the brief for intervenor-appellant.

William R. Turnbow, Eugene, argued the cause for respondents. With him on the brief were Paul V. Vaughan and Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

This dispute results from intervenor's[1] effort to redeem certain real property purchased by Land Associates at a sheriff's sale on April 17, 1980. The sale was ordered on execution of a judgment in favor of Land Associates against its vendee, Becker, who had defaulted on his contract to purchase the property. Intervenor is the assignee of the beneficiary's interest under two trust deeds covering the property granted by Becker, and a judgment against Becker personally, all of which went on record after Land Associates' action against Becker was commenced, but before judgment was entered. The holders of those liens were not made parties to that action.

On June 13, 1980, intervenor gave notice of intent to redeem the property. The notice recited that the redemption would take place at 3 p.m. on June 16 at the sheriff's office, and included photocopies of the trust deeds, a certified copy of the judgment docket and photocopies showing the assignments of those interests to intervenor. The sheriff responded to the notice by letter dated June 16, stating that he "lacked the authority to proceed with the redemption," because on May 15 he had issued a sheriff's deed to Land Associates pursuant to a court order. Land Associates had obtained that order from the court without acquiring waivers from all persons entitled to redeem.

Intervenor did not appear at the sheriff's office to pay the redemption amount on June 16. He has not pled that he was ready, able and willing to consummate the redemption within the statutory redemption period or that he is now ready, willing and able to do so if he is successful in this action.

Intervenor prays that the court's order and the sheriff's deed issued pursuant to that order be set aside and that the sheriff be directed to allow intervenor "to exercise the statutory redemption procedures with respect to the real

---

[1] We will refer to Callahan as intervenor, although the original intervenor and holder of the rights he claims was Launa H. Bautista. Bautista died during this litigation, and Callahan succeeded to her interests and was substituted as the intervenor. Some actions mentioned were taken by Bautista and some by Callahan; for convenience, we refer only to intervenor. The present dispute is between intervenor and Land Associates, Inc. (the original plaintiff), and E & B Investors, Inc., which purchased the property from Land Associates following the execution sale. They are referred to as respondents.

property." The first time we considered this case, we concluded that intervenor had no *statutory* redemption rights. *Land Associates v. Becker,* 58 Or App 216, 647 P2d 989 (1982). On review, the Supreme Court disagreed, holding that unjoined *pendente lite* junior lien creditors, whose interests are acquired and recorded after a complaint seeking foreclosure is filed but before foreclosure is decreed, have statutory rights of redemption. *Land Associates v. Becker,* 294 Or 308, 314, 656 P2d 927 (1982). The court reversed the dismissal of intervenor's allegations and remanded the cause to the trial court, with this language:

"* * * We hold, therefore, that the order should be set aside under former ORS 18.160. * * *

"* * * * *

"* * * When the order authorizing the sheriff's deed is set aside, the deed itself must also be set aside." 294 Or at 317.

On remand, neither the order authorizing the sheriff's deed nor the deed were set aside. Instead, respondents filed an answer raising three issues characterized as "affirmative defenses": (1) that intervenor cannot redeem on the basis of the assigned judgment because that judgment is not a lien on the property; (2) that intervenor failed to comply with ORS 23.570(2) by failing to provide the sheriff with certified copies of the official Lane County records evidencing the trust deeds; and (3) that intervenor failed to tender the redemption price at the time and place specified in its notice of intent to redeem and failed to prove it had the money available and was willing to pay it within the redemption period. Intervenor's motion to strike those defenses was denied and, on respondents' motion, a summary judgment was entered in their favor. Intervenor appeals, assigning error to the trial court's failure to grant the motions to strike and to the entry of summary judgment for respondents.

The only question[2] we need to decide is whether

---

[2] We do not decide whether the assigned judgment gives rise to a right to redeem, because intervenor also alleges that he is the holder of two trust deeds *covering the property,* and those interests do give rise to a right to redeem. ORS 23.530(2). Land Associates also argues that the documents evidencing the trust deeds do not comply with ORS 23.570(2) and concludes that this fact defeats intervenor's claim. Even if that argument is correct, its conclusion is not. Intervenor was denied the right to redeem because the sheriff had already deeded the property to Land Associates, not

intervenor was required to tender the redemption amount to the sheriff at the time and place specified in its notice of intent to redeem, or at least to prove that he was ready, willing and able to pay it within the statutory redemption period. Because intervenor is attempting to exercise *statutory,* not equitable, redemption rights, three principles apply. First, the statutory right to redeem "must be pursued only in accordance with the applicable statutes." *First Federal v. Gruber,* 290 Or 53, 56, 618 P2d 1265 (1980). Second, courts may not "increase or lessen the burden imposed [by statute] upon a party seeking to exercise redemption." *Stamate v. Peterson,* 250 Or 532, 533-34, 444 P2d 30 (1968). Third, redemption statutes are remedial and should be liberally construed. *Ulrich v. Lincoln Realty Co.,* 175 Or 296, 305, 153 P2d 255 (1944); *Silbernagel v. Goin,* 31 Or App 545, 547, 570 P2d 1011 (1977), *rev den* 281 Or 323 (1978).

■ There is no express statutory requirement that a party seeking to redeem tender the redemption price when redemption is frustrated by the inability of the sheriff to permit redemption because he has executed and delivered a deed pursuant to a court order. Two situations where redemption is frustrated are expressly addressed by statute, but neither applies to this case. The first is described in ORS 23.570(4):

> "When two or more persons apply to the sheriff to redeem at the same time, he shall allow the person having the prior lien to redeem first, and so on. The sheriff shall immediately pay the money over to the person from whom the property is redeemed, if he attends at the redemption; or if not, at any time thereafter when demanded. When a sheriff wrongfully refuses to allow any person to redeem, his right thereto shall not be prejudiced thereby, and upon submission of the evidence and *the tender of the money to the sheriff as provided in this section* he may be required by order of the court or judge thereof to allow such redemption." (Emphasis supplied.)

Intervenor does not allege that the sheriff wrongfully refused

---

because there was a problem with intervenor's documentation. Land Associates correctly argues that, in addition to paying the redemption amount, a person seeking to redeem must submit to the sheriff evidence that the person has a right to redeem. Accordingly, if intervenor's right to redeem is finally recognized, and if intervenor elects to exercise that right, he must comply with the statute. The objection is premature.

to allow redemption, and for a good reason. The sheriff had executed a deed to Land Associates, pursuant to a court order, whereupon Land Associates' title to the property became "absolute"; by statute, the property was no longer subject to redemption. ORS 23.600. Unless the sheriff had a duty to disobey that lawful court order (later determined to have been erroneous), his conduct was not "wrongful" as that term is commonly understood in the law.

If the sheriff's refusal to allow redemption had been wrongful in some relevant sense, then tender of the redemption amount would be required *even though* the sheriff had expressly advised intervenor that he could not and would not proceed with the redemption. Because the right to redeem is strictly statutory, and courts may not lessen the burden imposed by statute, it would be inappropriate to excuse the failure to tender when a tender is required by the statute. However, the phrase "tender of the money to the sheriff as provided in this section," as used in subsection (4), has an uncertain referent, for no tender requirement, as such, otherwise appears in ORS 23.570.

Subsection (2) sets forth the precise requirements imposed on one seeking to redeem:

"(2)    A party seeking to redeem shall submit to the sheriff the evidence of his right thereto as follows:

"(a)    Proof that the notice required by this section was given to the purchaser or redemptioner or waived.

"(b)    If he is a lien creditor, a copy of the docket of the judgment or decree under which he claims the right to redeem, certified to by the clerk of the court where such judgment or decree is docketed, or if he seeks to redeem upon a mortgage, the certificate of the record thereof.

"(c)    A copy of any assignment necessary to establish his claim, verified by the affidavit of himself or agent; an affidavit by himself or agent showing the amount then actually due on the judgment, decree or mortgage."

There is no tender requirement. Accordingly, the only language that that phrase can refer to is in subsection (1):

"* * * At the time and place specified in the notice, which place shall be the office of the sheriff at the courthouse, *such person may redeem by paying to the sheriff the sum required. * * *"* (Emphasis supplied.)

That language simply describes what is necessary to effect a redemption, that is, to pay over the redemption price to the sheriff at the time and place specified in the notice when the right is recognized. It does not contemplate the present situation where intervenor's right to redeem was denied because the sheriff had already executed and delivered a deed, making it impossible for him to deed the property to intervenor.

The second situation where redemption is frustrated is described generally in ORS 23.560. When a mortgagor seeks to redeem from a purchaser in possession of the property, the mortgagor is entitled to a setoff for rents, issues and profits accruing from the property. ORS 23.560(3). If there is a dispute over the amount of that setoff, and a summary determination by the circuit court does not resolve the issue, an appeal may be taken to this court. In that event, ORS 23.560(4) provides, in part:

> "* * * An appeal by the redemptioner shall not extend the time for redemption unless the redemptioner shall, in addition to the undertaking otherwise required by law upon appeal, and within the time allowed for filing an undertaking upon appeal, give an undertaking with one or more sureties, who shall justify in like manner as bail upon arrest, that the redemptioner will fully consummate the redemption and pay such sums as shall finally be determined to be the amounts required for the redemption."

Although that statute does not apply to the facts of this case, it tells us that an appeal does not extend the time for redemption, unless the appealing redemptioner files a bond sufficient to ensure that the redemption will be consummated.

■ There may be a tender requirement in cases of *equitable* redemption but, in a manner parallel to ORS 23.560(4), when an accounting is necessary to determine the redemption amount, tender is not required to enforce equitable rights of redemption. *See, e.g., Kirk et al v. Rose v. Woods et ux,* 218 Or 593, 598, 346 P2d 90 (1959) (citing *Wilson v. Crimmins,* 172 Or 616, 143 P2d 665 (1943)); and *Haskins et al v. Greene,* 205 Or 140, 159, 286 P2d 128, 286 P2d 137 (1955)). However, in *Crimmins,* the court said that "it may be that when the amount required to redeem is certain and liquidated a tender is essential. * * *" 172 Or at 621. It also appears that

in that case the redemptioner pled his "willingness to pay the proper amount * * *." 172 Or at 621. Those equitable rules make good sense and, perhaps, should apply to statutory redemptions; the question is whether they do.

■■ In order to redeem real property one must appear at the sheriff's office at the time specified in the notice and, after demonstrating to the sheriff one's right to redeem, pay the redemption amount. Logic tells us that a person redeeming must have the money to redeem in hand at that time. Thus, if this were an action to compel the sheriff to issue a certificate of sale, or seeking an order that the sheriff cease wrongfully refusing redemption, payment or tender of the redemption amount to the sheriff would be necessary; but the *right* to redeem is the *right* to appear at the sheriff's office at the time specified in the notice and pay the redemption amount. Because the redemptioner need not have that money until the moment it is handed over to the sheriff, it is difficult to see how the redemptioner's financial status before that moment has any bearing on his right to redeem. The Supreme Court has held that intervenor in this proceeding has the right to redeem. At the very least, that right must include the opportunity to appear with the redemption price *at a time when the sheriff is in a position to allow redemption.* That is the right intervenor seeks to vindicate. How much money he has, or had, is beside the point. Obviously, he could not redeem without being ready, willing and able to pay over the redemption amount, but that fact does not affect his *right* to redeem.

■ The right to redeem is strictly statutory; given that courts may not impose a greater burden on a party seeking to redeem than the statutes impose, it is difficult to see how a tender requirement can be imposed on intervenor here, because no statute expressly imposes that requirement. The legislature did consider two situations where redemption may be frustrated, and provided that tender was necessary in one of those situations, ORS 23.570(4), and that an undertaking sufficient to ensure that the redemption would be consummated had to be filed in the other. ORS 23.560(4). However, there is no express statutory tender requirement under the facts here, and the court may not impose that burden. It follows that the trial court's order granting respondents' motion for summary judgment was error.

The judgment is reversed, and the cause is remanded with instructions to set aside the order dated May 14, 1980, which directed the sheriff to issue a deed to the property to Land Associates, and to set aside the sheriff's deed. Intervenor shall have 30 days after those acts are accomplished within which to redeem the property.