Argued and submitted November 8, 1979,
affirmed April 14, reconsideration denied May 22,
petition for review allowed July 2, 1980
See later issue Oregon Reports

FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION OF SALEM,
*Plaintiff,*

*v.*

GRUBER, et ux,
*Defendants,*

HARRIS,
*Appellant,*

*v.*

BARNUM,
*Respondent.*

(No. 21940, CA 14254)

609 P2d 419

Charles R. Markley, Portland, argued the cause for appellant. With him on the brief was Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Thomas C. Howser, Ashland, argued the cause for respondent. With him on the brief were Ronald K. Cue and Cottle, Howser & Cue, Ashland.

Before Schwab, Chief Judge, and Richardson and Joseph,* Judges.

RICHARDSON, J.

---

*Joseph, J., *vice* Lee, J., deceased.

## RICHARDSON, J.

This case involves the attempted redemption of real property sold at an execution sale under a decree of foreclosure. Appellant (purchaser) is the assignee of the purchaser of the property sold at the execution sale.[1] Respondent (redemptioner) is the assignee of the foreclosed mortgagors.[2] The principal issue is whether the notice of intent to redeem was timely under ORS 23.570(1).

A mortgagor may redeem property "at any time within one year after the date of sale." ORS 23.560(1). However, ORS 23.570(1) requires that a

"* * * person seeking to redeem shall give the purchaser or redemptioner *not less than two days'*nor more than 30 days' *notice of his intention to apply to the sheriff for that purpose; * * *. At the time and place specified in the notice,* which place shall be the office of the sheriff at the courthouse, *such person may redeem* by paying to the sheriff the sum required. * * *" (Emphasis supplied.)

Notice of intent to redeem must be given no less than two days prior to the expiration of the one-year limitations period; the notice does not operate to extend the redemption period beyond one year. *Kirk et al v. Rose v. Woods et ux,* 218 Or 593, 346 P2d 90 (1959).

The date of the execution sale was December 16, 1977. One calendar year later, on December 16, 1978, at 8 p.m., notice of intent to redeem was served on purchaser. Approximately thirty minutes later, redemptioner paid the redemption money to the sheriff. On December 26, 1978, purchaser applied *ex*

---

[1] First Federal Savings and Loan Association of Salem, plaintiff herein, had obtained a decree of foreclosure on November 9, 1977, against Matthew Gruber and Alice S. Gruber, defendants herein. First Federal purchased the property at the foreclosure sale and subsequently assigned its interest in the property to appellant Harris.

[2] A few minutes after 8:00 p.m. on Saturday, December 16, 1978, Grubers assigned their rights in the property to respondent Barnum.

[749]

*parte* for, and was granted, a court order directing the sheriff to convey the property to him on the ground that the attempted redemption was not timely. Thereafter, redemptioner applied to circuit court for an order vacating its December 26, 1978, order on the grounds of surprise and directing conveyance of the property to redemptioner.

After a hearing, the circuit court on April 17, 1979, vacated its previous order conveying the property to purchaser and directed conveyance to redemptioner. In holding that the notice of intent to redeem was timely, the trial court reasoned as follows:

"The property was sold at Sheriff's sale on December 16, 1977. The one year redemption period would start on December 17, 1977 and conclude at the end of December 16, 1978. December 16, 1978 was a Saturday and December 17, 1978, being a Sunday, was a legal holiday. Accordingly, ORS 174.120 and ORS 187.010 would extend the year to the end of the day of December 18, 1978. Robert Harris acknowledges service upon him of the notice of intent to redeem on December 16, 1978, at approximately 8:00 o'clock p.m. The notice was, therefore, given not less than two days before the end of the year redemption period. *Kirk et al v. Rose v. Woods et ux,* 218 Or 593; 346 P2d 90."

We agree with the conclusion of the trial court that the notice of intent to redeem was timely.

On appeal, purchaser contends that the notice, in addition to being untimely, was defective. He also contends redemptioner did not comply with the statutory procedure for redemption.[3] Assuming that any one of these contentions have merit, purchaser has

---

[3] Purchaser contends the notice was defective in that it specified two different dates for redemption. He also contends the statutory procedure was not complied with in that the redemption amount was tendered prior to the time specified in the notice; that redemptioner did not submit proof that the notice was served on purchaser, ORS 23.570(2)(a); that no affidavit of the assignment of redemption rights or the redemption amount was submitted, ORS 23.570(2)(c).

waived the claimed defects by failing to timely object to redemption on any of these bases. *Wilson v. Crimmins*, 172 Or 616, 143 P2d 665 (1943); *Kirk et al v. Rose v. Woods et ux, supra.* We do not reach purchaser's due process argument because it was not raised in the trial court.

Affirmed.