Argued and submitted September 26, affirmed November 3, reconsideration denied December 12, 1980, petition for review allowed and remanded (290 Or 491) February 18, affirmed (51 Or App 472, 628 P2d 738) March 30, reconsideration denied April 30, petition for review denied June 16, 1981 (291 Or 117)

## HARRIS,
*Appellant,*

*v.*

## BARNUM, et al,
*Respondents.*

### (No. 25564, CA 16758)

618 P2d 1289

Ridgway K. Foley, Jr., Portland, argued the cause for appellant. With him on the briefs were Schwabe, Williamson, Wyatt, Moore & Roberts, and Charles R. Markley, Portland.

Thomas C. Howser, Ashland, argued the cause for respondent. On the brief were Ronald K. Cue, and Cottle, Howser & Cue, Ashland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This case is an outgrowth of our decision in *First Federal v. Gruber,* 45 Or App 747, 609 P2d 419, *rev allowed* 289 Or 337 (1980), which is now pending on review granted by the Supreme Court. In that case Harris sought to have determined the respective rights of a redemptioner's assignee and a purchaser's assignee to certain real property after an execution sale under a decree. The circuit court entered an order, part of which reads:

> "IT IS FURTHER ORDERED that the sheriff of Deschutes County shall execute a corrected conveyance herein correcting the sheriff's deed heretofore issued to the Purchaser Harris, pursuant to said order, said correction deed to recite that the prior deed was executed in error and that the deed relating to said property is a correction deed correcting the name of the grantee therein to William B. Barnum, Jr., provided, however, that the sheriff shall not execute the deed until after thirty (30) days from the entry of this order; and provided further that if Harris shall file a Notice of Appeal during such period, the sheriff shall not execute the deed until final determination of the matter in favor of Barnum by the Court of Appeals or the Supreme Court ***."

Harris did appeal to this court and we affirmed. He then filed the petition for review which was allowed.

During the pendency of the appeal in the first case in this court, both parties contended that each was entitled to possession of the real property. When Harris discovered defendants had taken possession, he brought this action in trespass for damages. Defendants asserted their right to possession. Plaintiff and defendants moved for summary judgment, and the trial court granted defendants' motion.

On this appeal Harris argues that the court misread and misapplied the quoted part of the order in the first case because it specifically provided that the sheriff should not issue a deed during the pendency of the appeal. Therefore, it is claimed that plaintiff owns "a fee simple determinable," which was violated when the defendants took possession. Harris' basic argument is that ORS 23.600 contemplates that the sheriff issue a "conveyance," and because no conveyance has issued the defendants had no right to possession.

The argument overlooks another part of the trial court's order in the first case:

> "IT IS HEREBY ORDERED that the court's previous order of December 26, 1978, be and the same hereby is set aside and held for naught."

Plaintiff's right to possession against the defendants depends upon the sheriff's deed which was issued pursuant to the earlier order referred to in that quotation. ORS 23.590 gives a redemptioner the right to possession "from the day of his redemption." The court in the first case upheld defendants' redemption. ORS 23.600 says:

> "If the judgment debtor redeems ***, the effect of the sale shall terminate and he shall be restored to his estate ***."

The sheriff's deed is a consequence of the redemption; it is not a redemption referred to in the statutes and the case law. The action of the court in the first case in directing the sheriff not to issue 'a corrected conveyance' had no effect on the operation of the redemption statutes. The order in the first case, although now on appeal, was a valid order, which stands as effective during the appeal.

Affirmed.